Leo M. LaRocca, Esq. (SBN 115014)
**NIVEN & SMITH**
425 California Street, 15th Floor
San Francisco, CA 94104-2118
Telephone:  415.981.5451
Facsimile:  415.433.5439
Attorneys for Plaintiff CALIFORNIA PACIFIC BANK

E-filing

ORIGINAL FILED
07 JUN 25 PM 3: 52
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA PACIFIC BANK, a California banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and DOES 1-20, inclusive.<br><br>Defendants. | JCS<br>C 07 3330<br>Docket No.<br><br>COMPLAINT FOR BREACH OF CONTRACT (FAILURE TO HONOR IRREVOCABLE STANDBY LETTER OF CREDIT), BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff California Pacific Bank, a California banking corporation ("CPB") alleges as follows:

### JURISDICTION

1. CPB is a corporation incorporated under the laws of the State of California having its principal place of business in the State of California.

2. Defendant Bank of America, N.A. ("BofA"), is a national bank having its principal place of business in the State of North Carolina. Additionally, all Doe Defendants are citizens of states other than California.

3. This Court has original jurisdiction over CPB's claims under 28 U.S.C. §1332 in that the subject matter of the controversy exceeds, exclusive of costs and interests, the sum of $75,000 and is between citizens of different states.

### VENUE

2. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(a) because all defendants reside in the Northern District of California and under 28 U.S.C. §1391(b) because a substantial part of the actions or omissions giving rise to this case occurred within the

1

Northern District of California. Alternatively, venue is proper under 28 U.S.C. § 1393(c) in that all of the defendants are subject to personal jurisdiction in the Northern District of California at the time the action is commenced, and there is no district in which the action may otherwise be brought.

**FACTUAL ALLEGATIONS**

3. In March, 2007, QiBee, Inc., a California corporation ("QiBee"), contacted CPB in connection with obtaining a loan from CPB which loan was intended to fund a purchase of 8,160 high definition LCD televisions from NBG, LLC, a Florida limited liability company ("NBG").

4. On April 13, 2007 CPB issued a loan in the principal amount of $370,800.00 to QiBee, which loan had a term of 60 days, commencing April 16, 2007 and maturing June 15, 2007 (the "CPB Loan").

4. As security for the CPB Loan, NBG was required to obtain an Irrevocable Standby Letter of Credit in favor of CPB in the amount of $412,080.00.

5. NBG contacted BofA at its Scranton, Pennsylvania offices for purposes of issuing the Irrevocable Standby Letter of Credit.

6. On March 30, 2007 BofA issued an Irrevocable Standby Letter of Credit, Document No. 68017913, in the amount of $412,080.00 naming CPB as the sole Beneficiary (the "Letter of Credit"). The Letter of Credit permits CPB to make a demand for reimbursement to BofA in an amount up to $412,080.00 at any time QiBee fails to pay its indebtedness on the CPB Loan.

7. As issued on March 30, 2007, the Letter of Credit provided that QiBee had to obtain its own letter of credit in favor NBG. However, on April 9, 2007, BofA amended the Letter of Credit to delete all reference to the letter of credit in favor of NBG.

8. The Letter of Credit specifically states that CPB may make a demand for reimbursement by submitting a claim on the "SWIFT" electronic banking system.

9. On May 29, 2007, QiBee informed CPB that QiBee would not be repaying the indebtedness due on the CPB Loan.

10. On May 29, 2007, CPB submitted a claim to BofA on the "SWIFT" electronic banking system, as was its right under the terms of the Letter of Credit, demanding payment of the total $412,080.00.

11. On June 1, 2007, BofA responded by "SWIFT" to CPB's May 29, 2007 demand for payment on the Letter of Credit by contending that CPB's claim was improper because it was submitted on "SWIFT." BofA did not list any other bases for rejecting CPB's demand for payment, nor did BofA contest CPB's underlying right to the funds.

12. The same day, after receiving BofA's rejection, CPB telephoned BofA employee Mike Evans regarding BofA's rejection of CPB's "SWIFT" demand of May 29, 2007. Mr. Evans suggested CPB add language about QiBee's failure to the pay the indebtedness to CPB's "SWIFT" demand.

13. Also on June 1, 2007, CPB re-submitted its demand for payment under the Letter of Credit, requesting payment of $412,080, with the additional language suggested by Mr. Evans.

14. BofA has refused, and continues to refuse, to honor its obligation under the Letter of Credit, in that it has failed to remit any of the $412,080 due to CPB under the Letter of Credit.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract, Failure to Honor, Irrevocable Standby Letter of Credit)

15. CPB repeats and realleges each and every allegation contained hereinabove as though fully set forth herein.

16. CPB, as the beneficiary of the March 30, 2007 Letter of Credit, is entitled to receive $412,080 from BofA pursuant to demand because QiBee has defaulted on its CPB Loan obligation.

17. CPB made two demands for payment of the $412,080 under the Letter of Credit to BofA on May 29, 2007 and June 1, 2007.

18. BofA has failed to honor its obligation in that it has failed to remit any amount to CPB of the $412,080 demanded. To date, CPB has not received any of the money due to it, and the same remains due and owing.

19. Pursuant to Section 5111(e) of the California Commercial Code, CPB is entitled to attorney's fees and costs incurred in enforcing its legal rights pursuant to Letter of Credit.

WHEREFORE, Plaintiff prays for relief as set forth hereinafter in the prayer for relief.

### SECOND CLAIM FOR RELIEF

### (Breach of Covenant of Implied Covenant of Good Faith and Fair Dealing)

20. Plaintiff repeats and realleges each and every allegation contained hereinabove as though fully set forth herein.

21. Implied in the Letter of Credit, was and is the duty of good faith and fair dealing owed by BofA to CPB.

22. BofA breached its duties of good faith and fair dealing owed pursuant to the Letter of Credit when it refused to honor CPB's demands for payment.

23. As a direct and proximate result of the BofA's conduct and its breach of its duties of good faith and fair dealing, CPB has suffered damages in the amount of $412,080.

### PRAYER FOR RELIEF

Plaintiff requests:

1. Judgment against Defendants and each of them according to proof for general damages with interest;

2. Judgment against Defendants and each of them according to proof for incidental damages with interest;

3. Attorneys' fees and costs pursuant to Section 5111(e) of the California Commercial Code and/or other applicable statutes;

4. For a jury trial which is hereby demanded; and

5. Such other and further relief as the Court may deem proper.

Dated: June 22, 2007          NIVEN & SMITH

                              By: _____
                                  LEO M. LaROCCA
                                  Attorneys for Plaintiff CALIFORNIA PACIFIC BANK,
                                  a California banking corporation

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: June 22, 2007          NIVEN & SMITH

                              By: _____
                                  LEO M. LaROCCA
                                  Attorneys for Plaintiff CALIFORNIA PACIFIC BANK,
                                  a California banking corporation

---

4

COMPLAINT FOR BREACH OF CONTRACT(FAILURE TO HONOR IRREVOCABLE STANDBY LETTER OF CREDIT),
BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING [DEMAND FOR JURY TRIAL

NIVEN & SMITH
425 CALIFORNIA STREET, 15TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104-2118
TEL: (415) 981-5451