MARK JOSEPH KENNEY (State Bar No. 87345)
MARK I. WRAIGHT (State Bar No. 228303)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
mjk@severson.com
miw@severson.com

JAMES RANDOLPH LIEBLER (FL Bar No. 507954; Admitted *Pro Hac Vice*)
CHRISTOPHER MICHAEL DRURY (FL Bar No. 0796751; Admitted *Pro Hac Vice*)
Liebler, Gonzalez & Portuondo, P.A.
44 W. Flagler St., Suite 2500
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
jrl@lgplaw.com
cmd@lgplaw.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA PACIFIC BANK, a California banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: C07-03330 JCS<br><br>**BANK OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:    September 21, 2007<br>Time:    9:30 a.m.<br>Room:   A, 15th Floor<br>Judge:   Joseph C. Spero |

**TO PLAINTIFF CALIFORNIA PACIFIC BANK, AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2007, at 9:30 a.m., or as soon thereafter as this matter may be heard in Court Room A, 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant BANK OF AMERICA, N.A. (hereinafter "Bank of America"), will and

1 | hereby does move the Court for an order dismissing the Complaint of CAIFORNIA PACIFIC
2 | BANK in its entirety. This motion is brought pursuant to Federal Rule of Civil Procedure
3 | 12(b)(6) on the ground that plaintiff has failed to state any claim on which relief may be granted.
4 | This motion is based on this Notice of Motion, the Memorandum of Points and
5 | Authorities filed herewith, the Request for Judicial Notice, the Affidavit of Michael Evans, and
6 | the pleadings and records on file in this action.

DATED: August 15, 2007

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Attorneys for Bank of America, N.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel No. (305) 379-0400
Fax No. (305) 379-9626
Email: Jrl@lgplaw.com

By: /s/ J. Randolph Liebler
    J. RANDOLPH LIEBLER
    Florida Bar No. 507954
    CHRISTOPHER M. DRURY
    Florida Bar No. 796751

I.

## SUMMARY OF GROUNDS FOR RELIEF

The Plaintiff ("California Pacific Bank") has failed to state a claim upon which relief can be granted, because Bank of America was enjoined from honoring any demand for payment of all or any part if its Irrevocable Standby Letter of Credit No. 68017913 ("Letter of Credit") during the commercially reasonable period of time for accepting the documents, pursuant to Article 13(b) of the Uniform Customs and Practice for Documentary Credits 500. (A copy of the Ex Parte Temporary Injunction Order ("Injunction") entered in *Bullard Electronics, LLC v. Bank of America, N.A., and California Pacific Bank*, Case No. 522007CA005147XXCICI (Fla. 6th Judicial Cir. / Pinellas County) is attached to the Request for Judicial Notice as Exhibit "A".)

California Pacific Bank's original draw via SWIFT did not comply with the requirements (including the necessary draw language) under the Letter of Credit. (A copy of all SWIFT messages exchanged between Bank of America and California Pacific Bank from May 29, 2007 through June 1, 2007 are attached to the Affidavit of Michael Evans as Exhibit "B".)

California Pacific Bank's Complaint is an improper attempt to collaterally attack a duly entered temporary injunction against payment on the Letter of Credit.

Even if this Honorable Court chooses not to dismiss California Pacific Bank's alleged claim(s) against Bank of America for the foregoing reasons, this Honorable Court should dismiss or stay these proceedings in the interest of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221 (1952)).

II.

## CALIFORNIA PACIFIC BANK FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST BANK OF AMERICA

### A. Chronology of Events

California Pacific Bank submitted an alleged draw to Bank of America via SWIFT on

1 May 29, 2007; however, California Pacific Bank failed to include the required draw language
2 which is necessary for payment under the Letter of Credit.
3    It was a principle requirement of the Letter of Credit that California Pacific Bank make
4 the following certification prior to any disbursement of funds pursuant to the Letter of Credit:

> "We hereby claim USD _____ under your standby letter of
> credit no. 68017913 due to Qibee failure to pay indebtness".

7 (Please see a copy of the original Letter of Credit, which is attached to the Affidavit of Michael E.
8 Evans as Exhibit "C".)
9    California Pacific Bank's SWIFT message of May 29, 2007 simply stated the principal
10 amount claimed and the total amount claimed, but lacked the required draw language under the
11 Letter of Credit. As a result, Bank of America informed California Pacific Bank of the deficiency
12 via SWIFT message on the morning of June 1, 2007, alerting California Pacific Bank of its failure
13 to present the beneficiary's statement per the terms and conditions of the Letter of Credit.
14 (Affidavit of Michael E. Evans, Exhibit "B".)
15    On Friday, June 1, 2007 at 3:46 p.m. (PST), California Pacific Bank sent a follow-up
16 SWIFT message. (Affidavit of Michael E. Evans, Exhibit "B".) The weekend then intervened,
17 and at 11:00 a.m. (EST) on Monday, June 4, 2007, Circuit Court Judge Mark I. Shames of the
18 Sixth Judicial Circuit in and for Pinellas County, Florida, issued the Injunction, which prevented
19 Bank of America from honoring any demand made for payment on the Letter of Credit, until
20 further order of the Court. The Injunction continues to remain in effect, and no further order of
21 the Court has issued to date. (Request for Judicial Notice, Exhibit A.)

### B.  Applicable Law & Application Thereof to the Facts

23    Pursuant to the terms of the Letter of Credit, it is governed by UCP 500, and Article 13(b)
24 thereof provides as follows:

> The Issuing Bank, the Confirming Bank, if any, or a Nominated
> Bank acting on their behalf, shall each have a reasonable time, not
> to exceed seven banking days following the day of receipt of the
> documents, to examine the documents and determine whether to
> take up or refuse the documents and to inform the party from which
> it received the documents accordingly.

- 4 -

Bank of America had only two hours of banking time after receipt of California Pacific Bank's alleged draw before the Injunction preventing payment thereon was issued. Once the Injunction was issued, Bank of America's obligation to act on the draw was suspended. See *JPMorgan Chase Bank v. Access Healthsource, Inc.*, 225 Fed.Appx. 663, 664 (9th Cir. 2007). As a matter of law no action for breach of contract or otherwise can be maintained against Bank of America with respect to the Letter of Credit so long as the Injunction is in effect.

Bank of America has at all times relevant hereto been enjoined from payment on the Letter of Credit, and California Pacific Bank's alleged causes of action fail as a result.

### C. California Pacific Bank's Claims Are Not Ripe

Furthermore, California Pacific Bank, which was named a defendant in *Bullard Electronics, LLC v. Bank of America, N.A., and California Pacific Bank*, Case No. 522007CA005147XXCICI (Fla. 6th Judicial Cir. / Pinellas County), and was properly served, failed to make any appearance to defend that lawsuit. As a result of California Pacific Bank's failure to defend, a default was taken against California Pacific Bank in that lawsuit on July 9, 2007.

California Pacific Bank now improperly attempts to circumvent the Florida lawsuit by suing Bank of America in California Federal Court on two alleged causes of action. These claims are not ripe because Bank of America had no choice but to comply with the Injunction in the Florida lawsuit, and the Injunction was granted well within the reasonable time under UCP 500 for acceptance or refusal with respect to California Pacific Bank's purported draw on Friday, June 1, 2007 at 3:46 p.m. (PST). Because Bank of America's duty to act on the draw was suspended, California Pacific Bank's claims are not ripe.

### III.
### THESE PROCEEDINGS SHOULD BE DISMISSED OR STAYED ON THE BASIS OF THE "WISE JUDICIAL ADMINISTRATION" DOCTRINE

Dismissal or a stay of these proceedings is supported by the "wise judicial administration" doctrine announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18, 96 S.Ct. 1236, 1246-47, 47 L.Ed.2d 483 (1976). The Colorado River doctrine

allows a district court to stay or dismiss a federal suit "due to the presence of a *concurrent* state proceeding for reasons of wise judicial administration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983) (emphasis added) (quoting *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246); see also *Minucci v. Agrama*, 868 F.2d 1113 (9th Cir. 1989).

The *Colorado River* Court announced several factors to determine the appropriateness of dismissal in the event of concurrent federal-state proceedings, *inter alia*: (1) the inconvenience of the federal forum, cf. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); (2) the desirability of avoiding piecemeal litigation, *cf. Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620, 1625 (1942); and (3) the order in which jurisdiction was obtained by the concurrent forums, *Pacific Live Stock Co. v. Oregon Water Bd.*, 241 U.S. 440, 447, 36 S.Ct. 637, 640, 60 L.Ed. 1084, 1096 (1916). The *Colorado River* Court explained that no single factor is necessarily determinative. Rather, the Court should weigh the obligation to exercise jurisdiction against the combination of factors favoring restraint. *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1247.

In regards to the instant case, a number of reasons militate against the maintenance of these proceedings in this forum. First, the Florida state case in Pinellas County, Florida, was commenced on or about June 4, 2007, whereas this action in the Northern District of California was not filed by California Pacific Bank until June 25, 2007, nineteen (19) days after California Pacific Bank was served in the Florida state case. (A copy of the Florida Complaint is attached to the Request for Judicial Notice as Exhibit "D".)

Additionally, there exists a high likelihood of piecemeal litigation if these federal proceedings are permitted to continue. As the issuer of the Letter of Credit, Bank of America has very little information concerning the underlying transaction, which was the basis for the issuance of the temporary injunction preventing Bank of America's honor of any demand made for payment on the Letter of Credit. The fact investigation process in this case would therefore be rooted in the discovery carried out in the Florida state case, to which California Pacific Bank is a

1  party. California Pacific Bank could attempt to raise its alleged claims against Bank of America
2  by serving a cross-claim in the Florida case.
3        Finally, the Florida state court has all the interested parties before it, i.e. the original
4  Applicant (Bullard Electronics, LLC), the Applicant after the April 9, 2007 amendment (NBG,
5  LLC), the Beneficiary (California Pacific Bank), and the Issuing Bank (Bank of America). As a
6  result, the issues with respect to the Letter of Credit may more fully be resolved in the Florida
7  state case.
8        Moreover, since Bank of America was restricted from honoring California Pacific Bank's
9  draw based upon a valid injunction, Bank of America has a clear defense to California Pacific
10 Bank's claims in these federal proceedings. *JPMorgan Chase Bank v. Access Healthsource, Inc.*,
11 225 Fed.Appx. 663, 664 (9th Cir. 2007) (recognizing that an injunction suspends the issuer's
12 obligation to honor or dishonor the drafts during the pendency of the legal restraint) (quoting
13 *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir. 1988)); see also *Fanslow v. N. Trust
14 Co.*, 299 Ill.App.3d 21, 233 Ill.Dec. 164, 700 N.E.2d 692, 699 (1998) ("Thus, Northern Trust,
15 which abided by the injunction, cannot be held liable for 'wrongful' dishonor of Fanslow's draw
16 documents"). Thus, it would waste judicial resources to allow California Pacific Bank's case to
17 proceed further in this forum.

### IV.

### CONCLUSION

20       WHEREFORE, Bank of America respectfully moves this Honorable Court for an Order
21 dismissing California Pacific Bank's Complaint. Bank of America further petitions this Court for
22 any additional relief which is deemed just and reasonable.

| | | |
|---|---|---|
| 1 | DATED: August 10, 2007 | **LIEBLER, GONZALEZ & PORTUONDO, P.A.** |

DATED: August 10, 2007

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Attorneys for Bank of America, N.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel No. (305) 379-0400
Fax No. (305) 379-9626
Email: Jrl@lgplaw.com

By: /s/ J. Randolph Liebler
    J. RANDOLPH LIEBLER
    Florida Bar No. 507954
    CHRISTOPHER M. DRURY
    Florida Bar No. 796751

- 8 -

10597/0042/637724.1

BofA'S NOTICE OF MOTION AND MOTION TO DISMISS
Case No.: C07-03330 JCS