1   MARK JOSEPH KENNEY (State Bar No. 87345)
    MARK I. WRAIGHT (State Bar No. 228303)
2   SEVERSON & WERSON
    A Professional Corporation
3   One Embarcadero Center, Suite 2600
    San Francisco, CA 94111
4   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
5   mjk@severson.com
    miw@severson.com
6
    JAMES RANDOLPH LIEBLER (FL Bar No. 507954; Admitted *Pro Hac Vice*)
7   CHRISTOPHER MICHAEL DRURY (FL Bar No. 0796751; Admitted *Pro Hac Vice*)
    Liebler, Gonzalez & Portuondo, P.A.
8   44 W. Flagler St., Suite 2500
    Miami, FL 33130
9   Telephone: (305) 379-0400
    Facsimile: (305) 379-9626
10  jrl@lgplaw.com
    cmd@lgplaw.com
11
    Attorneys for Defendant
12  BANK OF AMERICA, N.A.

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17  CALIFORNIA PACIFIC BANK, a California        Case No.: C07-03330 JCS
    banking corporation,
18
                  Plaintiff,
19                                               **BANK OF AMERICA'S REQUEST**
                                                 **FOR JUDICIAL NOTICE IN SUPPORT**
    vs.                                          **OF ITS MOTION TO DISMISS**
20
    BANK OF AMERICA, N.A., and DOES 1-20,
21  inclusive,
                                                 Date:       September 21, 2007
22                Defendants.                    Time:       9:30 a.m.
                                                 Room:       A, 15th Floor
23                                               Judge:      Joseph C. Spero

24

25          Defendant, BANK OF AMERICA, N.A. (hereinafter "Bank of America") hereby requests

26  the Court to take judicial notice of the following records pursuant to Federal Rule of Evidence

27  201 in support of its motion to strike under Fed. R. Civ. P. 12(b)(6):

28          1.      The Ex Parte Temporary Injunction Order entered by Circuit Court Judge Mark I.

                                          - 1 -

1  Shames on June 4, 2007 in *Bullard Electronics, LLC v. Bank of America, N.A., and California*

2  *Pacific Bank*, Case No. 522007CA005147XXCICI (Fla. 6th Judicial Cir. / Pinellas County)

3  attached as Exhibit A.

4      2.    The Verified Complaint Seeking Temporary and Permanent Injunctive Relief filed

5  June 4, 2007 in *Bullard Electronics, LLC v. Bank of America, N.A., and California Pacific Bank*,

6  Case No. 522007CA005147XXCICI (Fla. 6th Judicial Cir. / Pinellas County) attached as Exhibit

7  D.

8  DATED: August 15, 2007

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Attorneys for Bank of America, N.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel No. (305) 379-0400
Fax No. (305) 379-9626
Email: Jrl@lgplaw.com

By: /s/ J. Randolph Liebler
    J. RANDOLPH LIEBLER
    Florida Bar No. 507954
    CHRISTOPHER M. DRURY
    Florida Bar No. 796751

- 2 -

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA
CIVIL DIVISION

BULLARD ELECTRONICS, LLC

      Plaintiff,

vs.

BANK OF AMERICA, N.A., and
CALIFORNIA PACIFIC BANK,

      Defendants.

UCN:
REF: 07-5147-C1-13

### EX PARTE TEMPORARY INJUNCTION ORDER

This cause came before the Court on Plaintiff Bullard Electronics, LLC'

("**Bullard**"), Motion For Ex Parte Temporary Injunction Without Notice. The Court has

determined, based on the Verified Complaint for Temporary and Permanent Injunctive

Relief and the Affidavit of Gregory Morris attached to it, that Bullard has complied with

the Requirements of Rule 1.610 and based on those papers finds, for purposes of this

order, that the verified pleading and affidavit establsih that:

    1.     On or about April 9, 2007, Bank of America unilaterally purported to issue

an amendment to a March 30, 2007, letter of credit it had issued to California Pacific

Bank. Bullard protested such amendment.

    2.     On or about May 31, 2007, Bank of America informed Bullard that

California Pacific Bank had made a demand to draw the full amount out of the March

30, 2007, letter of credit by virtue of the purported April 9, 2007 amendment to it.

    3.     The conditions of the March 30, 2007, letter of credit and purported April

9, 2007 amendment thereto have never been satisfied or fulfilled.

    4.     The purported April 9, 2007 amendment was procured by material fraud.

5.    The original March 30, 2007, letter of credit was procured by material fraud.

6.    Bullard will suffer immediate and irreparable injury if the court does not temporarily enjoin California Pacific Bank's attempt to draw on the letter of credit before Bank of America and California Pacific Bank can be heard in opposition.

7.    Bullard has demonstrated a substantial likelihood of success on the merits of this action.

8.    Bullard is prepared to post a cash bond in the registry of the court in an amount to be determined by the Court, which Bullard believes should not exceed $25,000.

9.    The injury which Bullard will suffer, if Bank of America is not temporarily enjoined is the complete loss of the collateral it posted for the Letter of Credit and the complete inability to recoup the same from Qibee, Inc., which is a party who is not located at the address to which it is registered as a California corporation, and which has evidently secreted itself in a way to not make it readily subject to being served with process. In addition, allowing the draw to occur would facilitate a material fraud.

10.    This order is being entered without notice because Bank of America has only a reasonable time under Florida Statute §675.108(2) (2006) following presentment on a letter of credit to honor a draw and because Bank of America informed Bullard that it would need to be enjoined in order to not honor the demand.

Accordingly, it is HEREBY ORDERED AND ADJUDGED as follows:

A.      Bank of America, N.A., hereby is temporarily enjoined, until further order of Court, from honoring any demand made for payment of all or any part of its Letter of Credit No. 68017913 in the amount of $412,080; abd

B.      This order is conditioned upon the posting by Bullard in the registry of the Court of a cash bond in the amount of $ 25,000 to protect Defendants against damages that may be suffered if this injunction is wrongfully entered.

Original Signed

DONE and ENTERED this 4th day of June, 2007 at 11:00 o'clock a.m.

JUN 0 4 2007

MARK I. SHAMES
Circuit Judge

_____
Circuit Court Judge
MARK I. SHAMES

# EXHIBIT D

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR PINELLAS COUNTY

CIVIL DIVISION

BULLARD ELECTRONICS, LLC,

      Plaintiff

v.

BANK OF AMERICA, N.A. and
CALIFORNIA PACIFIC BANK,

      Defendants.

_____/

*UCN# 522007CA005147XXCICI*

CASE NO. *07-5147-CI-13*

## VERIFIED COMPLAINT SEEKING TERMPORARY
## AND PERMANENT INJUCTIVE RELIEF

Plaintiff, Bullard Electronics, LLC ("Bullard"), by its undersigned attorneys, brings this

Complaint against Defendants, Bank of America and California Pacific Bank, and states:

1.     Bullard is a Florida limited liability company located in Pinellas County, Florida.

2.     Bank of America, N.A., is a national banking association with offices located in

Pinellas County, Florida.

3.     California Pacific Bank is a California state chartered bank with its headquarters

in San Francisco.

4.     During March of 2007, a person who identified himself as Jack Wei, purported to

act on behalf of QiBee, Inc., a California corporation, contacted NBG to negotiate the terms of a

purchase contract with NBG LLC, a Florida limited liablility company ("NBG"). After the terms

were agreed upon, Jack Wei transmitted a Purchase Order and a Purchase Contract by e-mail to

NBG. Copies of the Purchase Contract and Purchase Order are annexed as Exhibits "A" and "B."

5.    The Purchase Contract required that NBG obtain an irrevocable letter of credit in an amount equal to 5% of the purchase price to assure NBG's timely performance under the Purchase Contract.

6.    On or about March 30, 2007, Bullard arranged for Bank of America to issue irrevocable stand-by Letter of Credit No. 68017913 in the amount of $412,080.00 ("Letter of Credit") for the benefit of California Pacific Bank, which is QiBee's bank. A copy of the Letter of Credit is annexed hereto as Exhibit "C."

7.    Bullard arranged the Letter of Credit as a performance guaranty to assure NBG performance under the Purchase Contract. In the form approved by Bullard and as originally issued, the Letter of Credit would not become operative until the condition stated in the Letter of Credit was satisfied. The condition stated that QiBee obtain an irrevocable letter of credit payable at sight, for the benefit of NBG in the amount of $8,225,280.00 (US), as the intended means for QiBee to pay the full purchase price due under the Purchase Contract.

8.    Jack Wei demanded that the condition to the effectiveness of the Letter of Credit be deleted, and NBG began discussions with Bank of America to change the terms of the Letter of Credit.

9.    On or about April 9, 2007 Bank of America issued an amendment purporting to amend the terms of the Letter of Credit. A draft copy of the purported amendment is annexed hereto as Exhibit "D."

10.   Bullard did not authorize the issuance of the purported amendment.

11.    During April 2007, QiBee provided NBG and Bullard with a document that it identified as a purported letter of credit in the amount of $8,225,280.00, purportedly issued by European Trust and Credit Union EF of Stockholm, Sweden, but relayed without liability by CREDIT DNEPR Bank Ukraine, of the Ukraine to Woori Bank, of Los Angeles, California. A copy of that document is attached as Exhibit "E."

12.    Despite repeated attempts to confirm and verify whether that document constituted a letter of credit issued by a bona fide bank, Bullard is informed and believes that Bank of America has not been able to verify the existence of European Trust, or the terms of the QiBee Letter of Credit.   Bullard is informed and believes that that document, the so-called QiBee letter of credit is a forged instrument that has not been issued by a legitimate bank and, even if so issued, would not consitute satisfaction of the condition of the Bank of America Letter of Credit..

13.    Bullard and NBG have made repeated attempts to contact Jack Wei and QiBee, to try to locate QiBee's offices, but have been unable to identify any actual physical location of QiBee, any of its operations, or even Jack Wei.

14.    Other than e-mail addresses for the person who identified himself as "Jack Wei," Bullard and NBG have been unable to identify any contact information for QiBee.

15.    Jack Wei has refused to meet face to face with NBG representatives, claiming that a family medical emergency has required him to go to and remain in China.

16.    Jack Wei has also refused to arrange a meeting between Bullard and NBG representatives and QiBee's bank despite repeated requests made in May 2007, purportedly because it would risk disclosing proprietary business secrets.

17.    Jack Wei has refused to amend the purported QiBee letter of credit to include customary terms of an irrevocable letter of credit payable at sight, because he claims that the sales transaction between NBG and QiBee is actually a "government" project, and that the "government" insists that this form letter of credit be used without any changes to its terms.

18.    On May 31, 2007, a representative of Bank of America orally advised Bullard that California Pacific Bank has attempted to draw down the full amount of the Letter of Credit. Bank of America, however, has failed to provide Bullard with any writing constituting such attempt.

19.    Bullard is informed and believes that the entire transaction with Jack Wei is completely fraudulent, and that if Bank of America were to honor the Letter of Credit, such action would facilitate a material fraud by Jack Wei upon Bank of America, Bullard and NBG.

20.    The attached verification and the attached affidavit of Gregory Morris establishes that:

(a)    Bullard has a substantial likelihood of success in this action to establish that the Bank of America letter of credit was procured by fraud and that the conditions required to draw on such letter of credit have not been fulfilled.

(b)    There is an imminent threat of irreparable injury in that if the Bank of America pays on the demand of California Pacific Bank, Bullard will never be able to recoup the collateral it has posted to Bank of America for such letter of credit.

(c)    Bullard has no adequate remedy at law in that it has not even been able to identify that QiBee is a legitimate business with a legitimate address at which it could even be served with a complaint, much less has the financial wherewithal to cover the injury Bullard will suffer.

STP#651986.2                                            4

(d)    The equities lie with Bullard in that Bank of America issued a letter of credit amendment without Bullard's authorization or consent, and it is against that Amendment that California Pacific Bank seeks to draw, not against the original letter of credit.

(e)    Bullard is prepared to post a reasonable bond to protect Bank of America and California Pacific Bank against any damages they may suffer from a wrongful injunction. Bullard believes that the only possible damages they may suffer would be a loss of interest on the amount demanded for the duration of the temporary injunction, which Bullard estimates will be no more than $25,000.

(f)    Bullard is informed and believes that there are no public policy reasons to preclude the entry of the temporary and permanent injunction.

21.    All conditions precedent to the relief demanded herein have been performed or have occurred.

WHEREFORE, Bullard demands that the Court issue temporary and permanent injunctions prohibiting Bank of America from honoring any claim on the Letter of Credit, and for such other relief as is right and just.

DATED:        June 4, 2007

Steven C. Dupré, FBN 0471860
SPN 576073
P.O. Box 2861
St. Petersburg, FL  33731
Phone:  727-821-7000
Fax:  727 822-3768

*and*

Robert M. Quinn
Florida Bar No. 305898
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: 813-223-7000
Facsimile: 813-229-4133
E-mail: rquinn@carltonfields.com

*Attorneys for Plaintiff*

STP#651986.2

6

## VERIFICATION

Before me, the undersigned authority personally appeared *Gregory D. Morris* who being duly sworn stated that he is the *Vice President* of Bullard Electronics, LLC and also the *Vice President* of NBG, LLC and that he has read the above and foregoing Complaint and that the facts alleged therein are true and correct, based on his personal knowledge, and email documents provided to him by the person purporting to be "Jack Wei," purportedly acting on behalf of QiBee Inc., or communications he has received from Bank of America, or the facts are based upon his review of records maintained by Bullard Electronics, LLC, or NBG, LLC, by, or from information transmitted by, a person with knowledge of the events described therein, at or near the time of the event described, and whose regular practice it was to maintain such records, and which records are maintained under his supervision or control.

_____
Affiant

Printed name: *Gregory D. Morris*

STATE OF FLORIDA

COUNTY OF PINELLAS

SUBSCRIBED AND SWORN to before me this *4th* day of June, 2007, by *Gregory D. Morris*, who is known to me, or who produced *personally known* as identification, and who did take an oath.

_____
Notary Public

My Commission Expires: *12/14/2010*



FAITH M. GRANT
Notary Public - State of Florida
My Commission Expires Dec 14, 2010
Commission # DD 595403
Bonded By National Notary Assn.

STP#651986.2

7

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR PINELLAS COUNTY

CIVIL DIVISION


BULLARD ELECTRONICS, LLC,

      Plaintiff

v.                                                     CASE NO.

BANK OF AMERICA and
CALIFORNIA PACIFIC BANK,

      Defendants.

_____/


## AFFIDAVIT OF GREGORY MORRIS

      Before me, the undersigned authority, personally appeared GREGORY MORRIS, who being duly sworn, deposes and says:

    1.    I am the Vice President of the Plaintiff, Bullard Electronics, LLC ("Bullard"). I am also the Vice President of a related company, NBG LLC ("NBG"). I have read the Verified Complaint for Temporary and Permanent Injunctive Relief (the "Complaint"), to which this affidavit is attached.

    2.    The facts stated in this Affidavit are based upon my personal knowledge in that they describe events at which I was present, or e-mail communications I sent or received, or they are based upon the records maintained in the ordinary course of business by Bullard or NBG by or from information transmitted by a person with knowledge of the events described therein at or near the time of the events described, whose regular practice it was to make such a record and

which records are maintained in the ordinary course of either Bullard's or NBG's business, under my supervision and control.

3.      During March 2007 NBG received e-mail communications from a person identifying himself as Jack Wei, who claimed to be a director of a company called QiBee, Inc. ("QiBee") of San Mateo, California. Jack Wei claimed that QiBee wished to purchase approximately 8,160 42-inch, high definition LCD TV's from NBG.

4.      After some negotiations, Jack Wei submitted by e-mail a proposed Purchase Contract and Purchase Order for the purchase of 8,160 42-inch, high definition LCD TV's. Copies of the Purchase Contract and Purchase Order are attached to the Complaint as Exhibits A and B.

5.      Under the terms of the Purchase Contract, NBG was required to provide a letter of credit in favor of California Pacific Bank, in the amount of $412,080.00 (U.S.), which was 5% of the purchase price under the Purchase Contract, to assure NBG's performance under the Purchase Contract.

6.      Also under the terms of the Purchase Contract, QiBee was required to provide an irrevocable letter of credit in favor of NBG, in the amount of $8,225,280.00, payable "at sight," as the method by which QiBee would pay the purchase price due under the Purchase Contract.

7.      On or about March 30, 2007, Bullard on behalf of NBG, applied for and obtained the issuance by Bank of America of irrevocable standby Letter of Credit No. 68017913 in the amount of $412,080.00 (U.S.) (the "Letter of Credit") for the benefit of California Pacific Bank, who Jack Wei informed me was QiBee's bank. A copy of the Letter of Credit is attached to the Complaint as Exhibit C. Under its terms, the Letter of Credit could not become operative until QiBee posted its own $8,225,280.00 letter of credit in favor of NBG.

8.    After the issuance of the Letter of Credit, Jack Wei sent me e-mails insisting that the condition described above be deleted, so I began communications with Bank of America to try to negotiate changes to the terms of the Letter of Credit that would resolve Jack Wei's concerns but which would still include conditions to its effectiveness that would protect NBG and Bullard.

9.    Without my knowledge or consent, on or about April 11, 2007, Bank of America informed me that it had issued an amendment to the Letter of Credit on April 9, 2007. A copy of that document is attached to the Complaint as Exhibit D. I immediately protested that event by contacting Bank of America and notifying it that Bullard and NBG did not consider the purported amendment to be valid.

10.    Shortly thereafter, I received a copy of a document that QiBee evidently had arranged as its proposed tender of a purported irrevocable letter of credit payable at sight in the amount of $8,225,280.00 (U.S.) (the "QiBee Letter of Credit"). A copy of the Purported QiBee Letter of Credit is attached to the Complaint as Exhibit E.

11.    I am informed and believe that the Purported QiBee Letter of Credit is fraudulent. It purports to have been "relayed" by CREDIT DNEPR BANK, Ukraine to Woori Bank, Los Angeles, and purports to have been issued by EUROPEAN TRUST & CREDIT UNION EF, of Stockholm, Sweden.

12.    Bank of America employees have informed me that they cannot identify or otherwise confirm the existence of EUROPEAN TRUST & CREDIT UNION, EF.

13.    Bank of America employees have informed me that they have been able to identify CREDIT DNEPR BANK, but that it is a very small bank in the Ukraine, and that Bank of America does not wish to do business with this bank.

14.    In addition, the Purported QiBee Letter of Credit is not a letter of credit at all. The obligation of the purported issuer, if such a bank exists, is no obligation at all. The issuer's obligation is conditioned upon its receipt of the full amount payable under the Purported QiBee Letter of Credit from QiBee's bank, California Pacific Bank, before the issuer would be obligated to make any payment to NBG.

15.    Since neither the terms of the Purported QiBee Letter of Credit, nor the purported issuing bank were acceptable to NBG or Bank of America, QiBee is in default under the terms of the Purchase Order.

16.    In addition, I, and (on information and belief) other employees of NBG have attempted to contact Jack Wei to arrange a face to face meeting with him and his bank. We have also investigated the address of QiBee specified on the Purchase Contract and Purchase Order, 3708 South El Camino Real, San Mateo, California 94403, USA. Despite the representations in the Purchase Contract and Purchase Order, QiBee is not located at this address, and according to the current occupant, has never had an office at this location.   According to an internet search, this address is a shopping center. Finally, I am informed and believe that a publicly traded company that has sold televisions to Qibee also cannot find Qibee to obtain payment for its televisions.

17.    During May 2007 I, and other NBG employees, have sent numerous e-mails to Jack Wei requesting a face to face meeting. In response, Jack Wei claims that he had to leave California and go to China due to a medical emergency involving his mother where he must remain for an indefinite time, and so he is not able to meet with us.

18.     I have also sent e-mails to Jack Wei requesting that he arrange for NBG to meet with his bank, but Jack Wei refused to arrange such a meeting, saying it would disclose his business secrets.

19.     I am informed and believe that Paul Bullard, chief operating officer of Bullard, and NGB has also sent e-mails to Jack Wei demanding that he obtain a real letter of credit with proper credit payment terms from a reputable bank. In response, Jack Wei has claimed that this transaction is a "government project," and the government requires that the form of the Purported QiBee Letter of Credit be used without any changes to its terms.

20.     Based on all the foregoing facts, I am convinced that the person whom I have communicated with only by e-mail, and who has identified himself as Jack Wei, is attempting to perpetrate a fraud on NBG, Bullard and Bank of America. I am convinced that Jack Wei and QiBee never intended to purchase the televisions described in the Purchase Contract and Purchase Order, and that his only intention was to induce NBG to obtain issuance of the Letter of Credit, so that Jack Wei could cause California Pacific Bank to draw down on the letter of credit, so that Jack Wei could abscond with these funds.

21.     I have instructed Bank of America to cancel the Letter of Credit, and to notify California Pacific Bank that the Letter of Credit is cancelled.

22.     I have sent a letter directly to California Pacific Bank informing it that the Letter of Credit is cancelled. A copy of the letter is attached to the Complaint as Exhibit F.

23.     On May 31, 2007, I was told by telephone by a representative of Bank of America that it had received from California Pacific Bank an attempt to effect a draw on the Letter of Credit and a demand that it be paid the full amount of the letter of credit for $412,080.00 (U.S.). I am very concerned that if these funds are paid to California Pacific Bank, and if Bullard or

NBG is held responsible to pay Bank of America for funds paid out on the Letter of Credit, despite the fact that the amendment was not authorized, that Bullard and NBG will never recover these funds from Jack Wei, if that is his real name, in part because other than the e-mail addresses Jack Wei has used, we have no means of contacting Jack Wei, have no physical description of him, and have no information concerning his location or business.

24.    I have asked Bank of America to provide me with a copy of whatever instrument California Pacific Bank has provided to make such demand, but Bank of America has failed or refused to provide me with a copy.

25.    I do not believe, nor am I aware of any facts to suggest that California Pacific Bank (i) constitutes a "nominated person who has given any value in good faith and without notice of forgery or material fraud", (ii) constitues "a confirmer who has honored its confirmation in good faith, (iii) constitutes "a holder in due course of a draft drawn upon the letter of credit which was taken after acceptance by the issuer or nominated person," or (iv) constitues an assignee of the issuer's or nominated person's deferred obligation that was taken for value and without notice of forgery or material fraud after the obligation was incurred by the issuer or nominated persoon."

26.    On June 1, 2007, I authorized and directed our counsel to notify Bank of America that it is unauthorized to pay California Pacific Bank, a copy of which is attached hereto as Exhibit G, and I am informed and believe that such notification was provided.

27.    This ends my affidavit.

_____
GREGORY MORRIS

Subscribed and sworn to before me this _4th_ day of June, 2007, by Gregory Morris, who is known to me or who produced ___Personally Known___ as identification on such date.

_Faith M. Grant_
NOTARY PUBLIC

My commission expires:

Date: _December 14, 2010_

FAITH M. GRANT
Notary Public - State of Florida
My Commission Expires Dec 14, 2010
Commission # DD 595403
Bonded By National Notary Assn.

# Purchase Contract

Number: QT0081296
Date: Mar.29ᵗʰ 2007

| ( Buyer ) Qibee, Inc. | (Seller) : NBG LLC |
|---|---|
| Address:<br>3708 South El Camino Real<br>San Mateo, CA. 94403,U.S.A. | Address:<br>2325 Ulmerton Road, Suite 20<br>Clearwater, FL 33762, U.S.A. |
| Telephone: 1-650-200-8332 | Telephone: 1-727-388-5699 |

This contract is made by and between the Buyer and Seller; whereby the Buyer agree to buy and the Seller agree to sell the under - mentioned product according to the terms and conditions stipulated below:

| Item No | Product Specifications | Unit | Qty | Unit Price | Total Amount |
|---|---|---|---|---|---|
| | | | | | FOB CHINA , Freight Collect |
| LC-42 US | 42" HD LCD TV with ATSC<br>1366x768 panel<br>SEE ATTACHED SPECIFICATION | SETS | 8,160 | USD $ 1,008 | USD $ 8,225,280 |
| | | | | | |

SAID TOTAL US DOLLARS: EIGHT MILLION TWO HUNDRED TWENTY FIVE THOUSAND TWO HUNDRED EIGHTY ONLY.,SAID FOB CHINA

2. COUNTRY OF ORIGIN : CHINA
3. MANUFACTURER : NBG LLC
4. PORT OF SHIPMENT : PORT OF CHINA
5. SHIPPING MARKS: QIBEE IN DIAMOND
6. PORT OF DESTINATION: LONG BEACH, CALIFORNIA, USA
7. PACKING: EXPORT STANDAND PACKING
8. FIRST SHIPPING DAY: 55 DAYS AFTER L/C RECEIPT DATE — $8,225,280 LC From Quibee, Inc
9. PAYMENT TERM: L/C AT SIGHT

1



EXHIBIT
A

Special Instructions:

1. Buyer agrees to pay the seller 100% of this contract amount based on the payment term of this contract providing the seller delivers the same quality product as in the specification description on the signed specification description sheet. Buyer will release the payment immediately to the seller based on the ocean B/L (Bill of Lading) on board date of the shipment per agreed payment term of this contract and the L/C required terms.  Seller disclaims all warranties including without limitation any warranty of merchantability or fitness.

2. Seller will issue 5% of total contract amount in a P-Bond (Performance Bond) to the Buyer right after the seller receives this contract.  Buyer agree that seller's total liability for any failure to deliver or breach of contract is limited to the P-bond.

   Buyer's bank information:

   Account Name: QIBEE, INC.
   BANK: CALIFORNIA PACIFIC BANK
   ADDRESS:  250 MONTGOMERY STREET, STE NO. 500
             SAN FRANCISCO, CA. 94104, USA
   ACCOUNT#: 1880079530
   SWIFT CODE: CBNKUS6S

3. After seller issue the P-Bond, buyer will issue the L/C to the Seller within 15 banking days. If Buyer can not fulfill the agreement, Seller will apply for compensation, 10% of the P-Bond amount.

4. Seller will deliver the product as following:
   The shipment will ship out on or before the 55th day after receipt of the L/C from the Buyer and the total of 8,160 SETS will be shipped out on or before the 55th day after receipt of the L/C. If Seller cannot meet the delivery schedule, the P-Bond will be triggered if there is a delay over 5 days, whereby the Buyer will cash 100% of the P-Bond amount as a reimbursement to the Buyer without the consent of the Seller. Seller can not use any excuse for the delay.

5. Buyer must provide the seller with a signed approval of the sellers product specification prior to the issuance of the L/C. Buyer agrees that they will perform an onsite inspection of the product at the factory and provide acceptance of the product and product quality to the seller prior to shipping of the product to the buyer.

The Buyer                                    The Seller

QIBEE INC.                                   NBG

Jack Wei                                     Paul Bullard
Director                                     Chief Operation Officer

2

 **QiBee**

QiBee, Inc.
3708 South El Camino Real, San Mateo, CA. 94403 U.S.A.
TEL : 650-200-8332    FAX : 650-357-1188

# Purchase Order

To : NBG LLC
2325 Ulmerton Road, Suite 20, Clearwater ,FL 33762 USA
Attention :  Paul Bullard
TEL :  727-388-5699
FAX :  727-572-8342
P.O. : 78892

Date: Mar.29, 2007

Page : 1 of 1

We confirm the following purchase from you on the terms and conditions set forth hereunder and on the reverse hereof :

| | |
|---|---|
| Ship Via : | OCEAN |
| Bill to : | QIBEE, INC. |
| Ship to : | LONGBEACH CALIFORNIA, USA |
| Partial Shipment: | ALLOWED (NO LESS THAN 20 CONTAINERS FOR EACH SHIPMENT) |
| Transshipment: | NOT ALLOWED |
| Lead-time: | 55 DAYS AFTER L/C ISSUING DATE |
| Payment: | L/C  AT SIGHT |
| Currency : | US Dollars |
| Freight Charge: | FOB, Freight Collect |

| Item | Model# | Description | QTY. | Unit | U/P | Amount | Remark |
|---|---|---|---|---|---|---|---|
| 1 | LC-42 US | 42" HD LCD TV with ATSC 1366x768 panel UL, FCC approved | 8,160 | PCS | $   1,008.00 F.O.B. China | 8,225,280 | |
| | | | | | Total | $        8,225,280.00 | |
| | | | | | Total Amount | $        8,225,280.00 | |

SAID TOTAL US DOLLARS: EIGHT MILLION TWO HUNDRED TWENTY FIVE THOUSAND AND TWO HUNDRED EITGHTY ONLY.

Note :
PLEASE ISSUE 5% P-BOND OR BANK GUARANTEE OF
THE TOTAL AMOUNT OF THIS PO TO CALIFORNIA PACIFIC BANK

DUE TO THE GOVERNMENT REGULATION ALL THE SHIPMENT
WILL BE FULLY INSPECT AT THE ARRIVING PORT
LC WILL BE ISSUE RIGHT AFTER WE RECEIVE THE P-BOND OR
BANK GUARANTEE

Approved By:

JACK WEI, DIRECTOR
MAR. 29, 2007
DATE


**EXHIBIT**
**B**

**Bank of America**

BANK OF AMERICA - CONFIDENTIAL                                    PAGE: 1

DATE: MARCH 30, 2007

IRREVOCABLE STANDBY LETTER OF CREDIT NUMBER: 68017913

ADVISING BANK
CALIFORNIA PACIFIC BANK
601 MONTGOMERY ST.
SAN FRANCISCO, CA 94111-2603

ISSUING BANK
BANK OF AMERICA, N.A.
1 FLEET WAY
PA6-580-02-30
SCRANTON, PA 18507-1999

BENEFICIARY
CALIFORNIA PACIFIC BANK
250 MONTGOMERY STREET
SUITE 500
SAN FRANCISCO, CA 94104

APPLICANT
BULLARD ELECTRONICS LLC
2325 ULMERTON RD.
SUITE 20
CLEARWATER, FL 33762

AMOUNT
NOT EXCEEDING USD 412,080.00
NOT EXCEEDING FOUR HUNDRED
TWELVE THOUSAND EIGHTY AND
00/100'S US DOLLARS

EXPIRATION
JUNE 29, 2007
AT OUR COUNTERS

WE HEREBY OPEN OUR IRREVOCABLE STANDBY LETTER OF CREDIT NUMBER
68017913 IN YOUR FAVOR.

CREDIT AVAILABLE WITH BANK OF AMERICA, N.A. BY PAYMENT OF
BENEFICIARY'S DRAFT(S) AT SIGHT DRAWN ON BANK OF AMERICA, N.A..

DRAFTS MUST BE ACCOMPANIED BY:

1. THE ORIGINAL LETTER OF CREDIT AND ALL AMENDMENTS, IF ANY.

2. YOUR STATEMENT PURPORTEDLY SIGNED BY AN AUTHORIZED OFFICER STATING
THAT "WE HEREBY CLAIM USD _____ UNDER YOUR STANDBY LETTER
OF CREDIT NO. 68017913 DUE TO QIBEE FAILURE TO PAY INDEBTNESS."

REIMBURSEMENT CLAIMS MADE BY AUTHENTICATED SWIFT ARE ACCEPTABLE IN
WHICH CASE DRAFT AND SIGNED STATEMENTS ARE NOT REQUIRED.

IT IS A FURTHER CONDITION OF THIS STANDBY LETTER OF CREDIT THAT IT IS
NOT OPERATIVE UNTIL QIBEE, INC. HAS ISSUED TO NBG, LLC, THEIR
IRREVOCABLE LETTER OF CREDIT IN THE AMOUNT OF $8,225,280.00 USD AND A
PURCHASE ORDER IN THE AMOUNT OF $8,225,280.00 USD. BULLARD

COPY



EXHIBIT
C

**Bank of America**

BANK OF AMERICA - CONFIDENTIAL                    PAGE: 2

THIS IS AN INTEGRAL PART OF LETTER OF CREDIT NUMBER: 68017913

ELECTRONICS OR QIBEE, INC. MUST NOTIFY BANK OF AMERICA, N.A. BY WRITTEN NOTICE ON THEIR LETTERHEAD AND REFERENCING THIS LETTER OF CREDIT NO. 68017913, THAT SUCH IRREVOCABLE LETTER OF CREDIT HAS BEEN ISSUED AND A COPY OF THE PURCHASE ORDER AND LETTER OF CREDIT HAS BEEN SENT TO BANK OF AMERICA, N.A., WE WILL THEN ISSUE OUR FORMAL AMENDMENT MAKING THIS LETTER OF CREDIT OPERATIVE.

PARTIAL DRAWINGS: ARE ALLOWED

ALL BANKING CHARGES IN CONNECTION WITH THIS LETTER OF CREDIT ARE FOR THE ACCOUNT OF THE APPLICANT.

DRAFT(S) MUST STATE "DRAWN UNDER BANK OF AMERICA, N.A., STANDBY LETTER OF CREDIT NUMBER 68017913 DATED MARCH 30, 2007."

DRAFT(S) AND DOCUMENTS SHALL BE PRESENTED AT OUR OFFICES AT BANK OF AMERICA, N.A., ONE FLEET WAY, SCRANTON, PA 18507 ATTN: GLOBAL TRADE OPERATIONS, STANDBY UNIT.

WE HEREBY ENGAGE WITH YOU THAT DRAFTS DRAWN IN CONFORMITY WITH THE TERMS OF THIS CREDIT WILL BE DULY HONORED ON PRESENTATION.

COMMUNICATIONS WITH RESPECT TO THIS LETTER OF CREDIT SHALL BE IN WRITING AND SHALL BE ADDRESSED TO US AT, ONE FLEET WAY, SCRANTON, PA 18507, ATTN: GLOBAL TRADE OPERATIONS - STANDBY UNIT, PHONE: 1-800-370-7519, SPECIFICALLY REFERRING TO THE NUMBER OF THIS LETTER OF CREDIT.

EXCEPT AS OTHERWISE EXPRESSLY STATED HEREIN, THIS CREDIT IS ISSUED SUBJECT TO THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY CREDITS (1993 REVISION), INTERNATIONAL CHAMBER OF COMMERCE PUBLICATION NO. 500.

IF YOU REQUIRE ANY ASSISTANCE OR HAVE ANY QUESTIONS REGARDING THIS TRANSACTION, PLEASE CALL 800-370-7519 .

SENT VIA SWIFT 700
------------------------------
AUTHORIZED SIGNATURE
          THIS DOCUMENT CONSISTS OF 2 PAGE(S).

COPY

**Bank of America** 

SWIFT707 - AMENDMENT TO A DOCUMENTARY CREDIT

```
:TO :  RECEIVING PARTY NAME AND ADDRESS
:    :  CASF
:    :  NYSW
:    :  S
:    :  NOA
:    :  000000000000.00
:    :
:    :
:    :  CALIFORNIA PACIFIC BANK
:    :  601 MONTGOMERY ST.
:    :  SAN FRANCISCO, CA 94111-2603
:    :
:20  :  SENDER'S REFERENCE
:    :  68017913
:21  :  RECEIVER'S REFERENCE
:    :  NONREF
:31C:  DATE OF ISSUE
:    :  070330
:30  :  DATE OF AMENDMENT
:    :  070409
:26E:  NUMBER OF AMENDMENT
:    :  01
:59  :  BENEFICIARY (BEFORE THIS AMENDMENT)
:    :  CALIFORNIA PACIFIC BANK
:    :  250 MONTGOMERY STREET
:    :  SUITE 500
:    :  SAN FRANCISCO, CA 94104
:    :
:79  :  NARRATIVE
:    :
:    :
:    :  PLEASE DELETE THE FOLLOWING CLAUSE:
:    :
:    :  IT IS A FURTHER CONDITION OF THIS STANDBY LETTER
:    :  OF CREDIT THAT IT IS NOT OPERATIVE UNTIL QIBEE,
:    :  INC. HAS ISSUED TO NBG, LLC, THEIR IRREVOCABLE
:    :  LETTER OF CREDIT IN THE AMOUNT OF +8,225,280.00
:    :  USD AND A PURCHASE ORDER IN THE AMOUNT OF
:    :  +8,225,280.00 USD. BULLARD ELECTRONICS OR QIBEE,
:    :  INC. MUST NOTIFY BANK OF AMERICA, N.A. BY WRITTEN
:    :  NOTICE ON THEIR LETTERHEAD AND REFERENCING THIS
:    :  LETTER OF CREDIT NO. 68017913, THAT SUCH
:    :  IRREVOCABLE LETTER OF CREDIT HAS BEEN ISSUED AND A
:    :  COPY OF THE PURCHASE ORDER AND LETTER OF CREDIT
:    :  HAS BEEN SENT TO BANK OF AMERICA, N.A., WE WILL
:    :  THEN ISSUE OUR FORMAL AMENDMENT MAKING THIS LETTER
:    :  OF CREDIT OPERATIVE.
:    :
:    :  THE APPLICANT HAS BEEN AMENDED TO:
:    :  NBG, LLC
:    :  2325 ULMERTON RD.
:    :  SUITE 20
:    :  CLEARWATER FL 33762
:    :
```

DRAFT

**EXHIBIT**

**D**

**Bank of America**

```
:   : ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.
:72 : SENDER TO RECEIVER INFORMATION
```

DRAFT

```
------------------ Instance Type and Transmission --------------
         Notification (Transmission) of Original sent to SWIFT (ACK)
         Network Delivery Status  : Network Ack
         Priority/Delivery        : Normal
         Message Input Reference  : 1518 070424CRDEUA2NAXXX7773155193
--------------------------- Message Header ------------------------
         Swift INPUT     : FIN 798 Proprietary Message
         Sender          : CRDEUA2NXXX
           CREDIT DNEPR BANK, UKRAINE (HEAD OFFICE)
           DNIPROPETROVSK UA
         Receiver        : HVBKUS6LXXX
           WOORI BANK, LOS ANGELES
           LOS ANGELES,CA US
         MUR : CD68770000405245
--------------------------- Message Text --------------------------
         20: Transaction Reference Number
             500E/USD/1294CB
         12: Sub-Message Type
             710
         77E: Proprietary Message
             DEAR BANKERS, UPON REQUEST, WE RELAY THIS MSG TO YOUR
             FINE BANK WITHOUT ANY ENGAGEMENT AND RESPONSIBILITY ON OUR
             SIDE. PLEASE ADVISE THIS MESSAGE TO THE BENEFICIARY WITHOUT
             ANY RESPONSIBILITY ON YOUR PART.
             QUOTE
             ISUUE OF DOC LETTER OF CREDIT (MT 700)

             27:  SEQUENCE OF TOTAL
                  1/1
             40A: FORM OF DOCUMENTARY CREDIT
                  IRREVOCABLE TRANSFERABLE
             20:  DOCUMENTARY CREDIT NUMBER
                  ETCU11D012HK/047
             31C: DATE OF ISSUE
                  070424
             40E: APPLICABLE RULES
                  UCP LATEST VERSION
             31D: DATE AND PLACE OF EXPIRY
```



EXHIBIT

E

070724 CHINA

51D: ISSUING BANK

EUROPEAN TRUST AND CREDIT UNION EF,

FROSUNDAVIKS ALLE 15 SOLNA 169 78

STOCKHOLM, SWEDEN

50: APPLICANT

EAGLETRONICS INC,

SOLNA, STRANDVDG 78,

STOCKHOLM 17154, SWEDEN

59: BENEFICIARY

NBG LLC, ULMERTON ROAD, SUITE 20,

CLEARWATER, FL33762, USA

32B: CURRENCY CODE, AMOUNT

CURRENCY: USD (US DOLLAR)

AMOUNT: 8,225,280.00

41D: AVAILABLE WITH...BY...

ANY BANK

BY NEGOTIATION

43P: PARTIAL SHIPMENTS

ALLOWED

43T: TRANSHIPMENT

NOT ALLOWED

44E: PORT OF LOADING

PORT OF CHINA

44B: PLACE OF FINAL DESTINATION/FOR TRANSPORTATION TO...

LONGBEACH, CALIFORNIA

44C: LATEST DATE OF SHIPMENT

070703

45A: DESCRIPTION OF GOODS AND/OR SERVICES

42 INCH LCD TV

QUANTITY: 8,160 SETS

UNIT PRICE: USD 1,008.00

TOTAL AMOUNT: USD 8,225,280.00

SALES TERM: FOB CHINA(INCOTERMS 2000)

46A: DOCUMENTS REQUIRED

1. SIGNED COMMERCIAL INVOICE ISSUED TO QIBEE,INC. IN

TRIPLICATE INDICATING LC NUMBER.

2. PACKING LIST IN TRIPLICATE.

3. FULL SET OF ORIGINAL OCEAN BILL OF LADING CONSIGNED TO ORDER, MARKED FREIGHT COLLECT AND NOTIFY APPLICANT AND QIBEE INC. AND ISSUING BANK.

4. BENEFICIARY S CERTIFICATE CERTIFYING THAT NON-NEGOTIABLE COPY OF FULL SET DOCUMENTS (INCLUDING B/L) HAVE BEEN FAXED AND FORWARDED TO QIBEE INC. WITHIN 15 DAYS AFTER SHIPMENT. MAILED RECEIPT MUST BE PRESENTED FOR NEGOTIATION.

5. SIGNED ORIGINAL INSPECTION.CERTIFICATE ISSUED BY QIBEE INC., IN ONE COPY.

47A: ADDITIONAL CONDITIONS

1. DOCUMENT PRESENTED WITH THE DISCREPANCIES FOR EACH INDIVIDUAL NEGOTIATION WILL BE SUBJECT TO CHARGE OF USD 100.00 OR ITS EQUIVALENT.

2. BENEFICIARY S SIGNED STATEMENT THAT SHOULD BE ALSO AUTHENTICATED AND SIGNED BY THE BANK WHO PRESENT THE DOCUMENTS (NEGOTIATING BANK) CERTIFYING THAT THEY FULLY AGREE THAT DOCUMENTS AND DRAFTS THEY PRESENTED WILL BE SENT BY ISSUING BANK TO CALIFORNIA PACIFIC BANK IN USA UNDER DOCUMENT AGAINST DRAWEE S ACCEPTANCE, AND PAYMENT UNDER THIS LC WILL BE MADE BY ISSUING BANK ONLY UPON THEIR RECEIPT OF GOOD FUNDS IN FULL AMOUNT OF THE DOCUMENTS PRESENTED, FROM QIBEE INC.

3. DOCUMENTS ISSUED EARLIER THAN LC ISSUING DATE ARE NOT ACCEPTABLE.

4. THIRD PARTY DOCUMENTS ARE ACCEPTABLE.

5. ALL DOCUMENTS MUST BE IN ENGLISH LANGUAGE.

6. ALL DOCUMENTS MUST BEAR THIS LC NUMBER.

7. INSURANCE COVERED BY ULTIMATE BUYER.

8.THE BENEFICIARIES DRAFTS UNDER THIS CREDIT ARE TO BE DRAWN ON QIBEE, INC., 3708 SOUTH EL CAMINO REAL  SAN MATEO, CA. 94403, USA.

71B: CHARGES

ALL BANKING COMMISSIONS AND CHARGES OUTSIDE LC ISSUING BANK, ARE FOR BENEFICIARY S ACCOUNT.

```
------------------ Instance Type and Transmission --------------
        Notification (Transmission) of Original sent to SWIFT (ACK)
        Network Delivery Status   : Network Ack
        Priority/Delivery         : Normal
        Message Input Reference   : 1518 070424CRDEUA2NAXXX7773155193
------------------------- Message Header -------------------------
        Swift INPUT   : FIN 798 Proprietary Message
        Sender        : CRDEUA2NXXX
          CREDIT DNEPR BANK, UKRAINE (HEAD OFFICE)
          DNIPROPETROVSK UA
        Receiver      : HVBKUS6LXXX
          WOORI BANK, LOS ANGELES
          LOS ANGELES,CA US
        MUR : CD68770000405245
----------------------- Message Text -------------------------
        20: Transaction Reference Number
            500E/USD/1294CB
        12: Sub-Message Type
            710
        77E: Proprietary Message
            DEAR BANKERS, UPON REQUEST, WE RELAY THIS MSG TO YOUR
            FINE BANK WITHOUT ANY ENGAGEMENT AND RESPONSIBILITY ON OUR
            SIDE. PLEASE ADVISE THIS MESSAGE TO THE BENEFICIARY WITHOUT
            ANY RESPONSIBILITY ON YOUR PART.
            QUOTE
            ISUUE OF DOC LETTER OF CREDIT (MT 700)

            27: SEQUENCE OF TOTAL
                1/1
            40A: FORM OF DOCUMENTARY CREDIT
                 IRREVOCABLE TRANSFERABLE
            20: DOCUMENTARY CREDIT NUMBER
                ETCU11D012HK/047
            31C: DATE OF ISSUE
                 070424
            40E: APPLICABLE RULES
                 UCP LATEST VERSION
            31D: DATE AND PLACE OF EXPIRY
```

070724 CHINA

51D: ISSUING BANK
EUROPEAN TRUST AND CREDIT UNION EF,
FROSUNDAVIKS ALLE 15 SOLNA 169 78
STOCKHOLM, SWEDEN

50: APPLICANT
EAGLETRONICS INC,
SOLNA, STRANDVDG 78,
STOCKHOLM 17154, SWEDEN

59: BENEFICIARY
NBG LLC, ULMERTON ROAD, SUITE 20,
CLEARWATER, FL33762, USA

32B: CURRENCY CODE, AMOUNT
CURRENCY: USD (US DOLLAR)
AMOUNT: 8,225,280.00

41D: AVAILABLE WITH...BY...
ANY BANK
BY NEGOTIATION

43P: PARTIAL SHIPMENTS
ALLOWED

43T: TRANSHIPMENT
NOT ALLOWED

44E: PORT OF LOADING
PORT OF CHINA

44B: PLACE OF FINAL DESTINATION/FOR TRANSPORTATION TO...
LONGBEACH, CALIFORNIA

44C: LATEST DATE OF SHIPMENT
070703

45A: DESCRIPTION OF GOODS AND/OR SERVICES
42 INCH LCD TV
QUANTITY: 8,160 SETS
UNIT PRICE: USD 1,008.00
TOTAL AMOUNT: USD 8,225,280.00

SALES TERM: FOB CHINA(INCOTERMS 2000)

46A: DOCUMENTS REQUIRED
1. SIGNED COMMERCIAL INVOICE ISSUED TO QIBEE,INC. IN
TRIPLICATE INDICATING LC NUMBER.

2. PACKING LIST IN TRIPLICATE.

3. FULL SET OF ORIGINAL OCEAN BILL OF LADING CONSIGNED TO ORDER, MARKED FREIGHT COLLECT AND NOTIFY APPLICANT AND QIBEE INC. AND ISSUING BANK.

4. BENEFICIARY S CERTIFICATE CERTIFYING THAT NON-NEGOTIABLE COPY OF FULL SET DOCUMENTS (INCLUDING B/L) HAVE BEEN FAXED AND FORWARDED TO QIBEE INC. WITHIN 15 DAYS AFTER SHIPMENT. MAILED RECEIPT MUST BE PRESENTED FOR NEGOTIATION.

5. SIGNED ORIGINAL INSPECTION CERTIFICATE ISSUED BY QIBEE INC., IN ONE COPY.

47A: ADDITIONAL CONDITIONS

1. DOCUMENT PRESENTED WITH THE DISCREPANCIES FOR EACH INDIVIDUAL NEGOTIATION WILL BE SUBJECT TO CHARGE OF USD 100.00 OR ITS EQUIVALENT.

2. BENEFICIARY S SIGNED STATEMENT THAT SHOULD BE ALSO AUTHENTICATED AND SIGNED BY THE BANK WHO PRESENT THE DOCUMENTS (NEGOTIATING BANK) CERTIFYING THAT THEY FULLY AGREE THAT DOCUMENTS AND DRAFTS THEY PRESENTED WILL BE SENT BY ISSUING BANK TO CALIFORNIA PACIFIC BANK IN USA UNDER DOCUMENT AGAINST DRAWEE S ACCEPTANCE, AND PAYMENT UNDER THIS LC WILL BE MADE BY ISSUING BANK ONLY UPON THEIR RECEIPT OF GOOD FUNDS IN FULL AMOUNT OF THE DOCUMENTS PRESENTED, FROM QIBEE INC.

3. DOCUMENTS ISSUED EARLIER THAN LC ISSUING DATE ARE NOT ACCEPTABLE.

4. THIRD PARTY DOCUMENTS ARE ACCEPTABLE.

5. ALL DOCUMENTS MUST BE IN ENGLISH LANGUAGE.

6. ALL DOCUMENTS MUST BEAR THIS LC NUMBER.

7. INSURANCE COVERED BY ULTIMATE BUYER.

8. THE BENEFICIARIES DRAFTS UNDER THIS CREDIT ARE TO BE DRAWN ON QIBEE, INC., 3708 SOUTH EL CAMINO REAL  SAN MATEO, CA. 94403, USA.

71B: CHARGES

ALL BANKING COMMISSIONS AND CHARGES OUTSIDE LC ISSUING BANK, ARE FOR BENEFICIARY S ACCOUNT.

PAYMENT CANNOT BE WAIVED.

48:  PERIOD FOR PRESENTATION

DOCUMENTS TO BE PRESENTED WITHIN 21

DAYS AFTER SHIPMENT BUT WITHIN

CREDIT VALIDITY.

49:  CONFIRMATION INSTRUCTIONS

WITHOUT

78:  INSTR TO PAYG/ACCPTG/NEGOTG BANK

1. ALL DOCUMENTS ARE TO BE DESPATCHED IN ONE SET TO

CALIFORNIA PACIFIC BANK. IT IS A CONDITION OF THIS

CREDIT THAT PAYMENT WILL ONLY BE MADE SUBJECT TO

RECEIPT OF GOOD FUNDS IN FULL AMOUNT OF THE DOCUMENTS

PRESENTED FROM DRAWEE.

UPON RECEIPT OF THE DOCUMENTS, THE PRESENTING BANK

WILL FORWARD DOCUMENTS AND DRAFT TO DRAWEE'S BANK IN

USA CALIFORNIA PACIFIC BANK, 250 MONTGOMERY STREET STE

NO.500, SAN FRANCISCO, CA 94104, UNDER DOCUMENTS

AGAINST ACCEPTANCE AND PAYMENT WILL BE MADE UPON

RECEIVE OF FUNDS FROM DRAWEE.

2. PLEASE INFORM US THE DATE OF ADVISING L/C TO

BENEFICIARY.

57A: ADVISE THROUGH BANK

BANK OF AMERCIA

18167 US HIGHWAY 19 NORTH

STE 600, CLEARWATER, FL33764

UNITED STATE

BEST REGARDS,

EUROPEAN TRUST AND CREDIT UNION EF,

STOCKHOLM, SWEDEN

END OF MESSAGE.

UNQUOTE

HEREWITH WE WISH TO DRAW YOUR KIND ATTENTION THAT OUR BANK

DOES NOT BEAR ANY UNDERTAKING AND LIABILITY ON ITS PART

RELATIVE TO THIS DEAL. WE PARTICIPATE ONLY AS AN ADVISING

BANK BETWEEN YOUR GOOD FINANCIAL INSTITUTION AND THE

ISSUING

ENTITY. ALL YOUR CHARGES ARE FOR THE BENFS ACCOUNT. ARTICLE

18C OF UCP 500 OF ICC REVISION 1993 IS NOT APPLIED TO THIS

L/C.  THIS ADVICE DOES NOT BEAR ANY OBLIGATIONS ON OUR
PART.
ALL YOUR CHARGES ARE FOR THE BENEFICIARY'S ACCOUNT ONLY AND
SHOULD BE CLAIMED / COLLECTED FROM THEM.
THANKS FOR COOPERATION, INTL.TRADE FINANCE
-------------------------- Message Trailer ------------------------

{MAC:5659C35B}
{CHK:636886316149}

PAYMENT CANNOT BE WAIVED.

48: PERIOD FOR PRESENTATION
DOCUMENTS TO BE PRESENTED WITHIN 21
DAYS AFTER SHIPMENT BUT WITHIN
CREDIT VALIDITY.

49: CONFIRMATION INSTRUCTIONS
WITHOUT

78: INSTR TO PAYG/ACCPTG/NEGOTG BANK
1. ALL DOCUMENTS ARE TO BE DESPATCHED IN ONE SET TO
CALIFORNIA PACIFIC BANK. IT IS A CONDITION OF THIS
CREDIT THAT PAYMENT WILL ONLY BE MADE SUBJECT TO
RECEIPT OF GOOD FUNDS IN FULL AMOUNT OF THE DOCUMENTS
PRESENTED FROM DRAWEE.
UPON RECEIPT OF THE DOCUMENTS, THE PRESENTING BANK
WILL FORWARD DOCUMENTS AND DRAFT TO DRAWEE'S BANK IN
USA CALIFORNIA PACIFIC BANK, 250 MONTGOMERY STREET STE
NO.500, SAN FRANCISCO, CA 94104, UNDER DOCUMENTS
AGAINST ACCEPTANCE AND PAYMENT WILL BE MADE UPON
RECEIVE OF FUNDS FROM DRAWEE.
2. PLEASE INFORM US THE DATE OF ADVISING L/C TO
BENEFICIARY.

57A: ADVISE THROUGH BANK
BANK OF AMERCIA
18167 US HIGHWAY 19 NORTH
STE 600, CLEARWATER, FL33764
UNITED STATE

BEST REGARDS,
EUROPEAN TRUST AND CREDIT UNION EF,
STOCKHOLM, SWEDEN
END OF MESSAGE.
UNQUOTE
HEREWITH WE WISH TO DRAW YOUR KIND ATTENTION THAT OUR BANK
DOES NOT BEAR ANY UNDERTAKING AND LIABILITY ON ITS PART
RELATIVE TO THIS DEAL. WE PARTICIPATE ONLY AS AN ADVISING
BANK BETWEEN YOUR GOOD FINANCIAL INSTITUTION AND THE
ISSUING
ENTITY. ALL YOUR CHARGES ARE FOR THE BENFS ACCOUNT. ARTICLE
18C OF UCP 500 OF ICC REVISION 1993 IS NOT APPLIED TO THIS

L/C.  THIS ADVICE DOES NOT BEAR ANY OBLIGATIONS ON OUR
PART.

ALL YOUR CHARGES ARE FOR THE BENEFICIARY'S ACCOUNT ONLY AND
SHOULD BE CLAIMED / COLLECTED FROM THEM.

THANKS FOR COOPERATION, INTL.TRADE FINANCE

------------------------- Message Trailer -----------------------

{MAC:5659C35B}

{CHK:636886316149}



2325 Ulmerton Rd., Suite 20
Clearwater, Florida 33762

Phone:  727-576-6424
Fax:       727-572-8342

<u>Sent via Facsimile (415) 421-3257</u>

May 31, 2007

California Pacific Bank
250 Montgomery St., Suite 500
San Francisco, CA  94104

     Re:  <u>Letter of Credit #68017913</u>

To Whom It May Concern:

     Please  contact  Michelle  Bain  regarding  cancellation  of  this  Letter  of  Credit
Michelle's contact information is:

        Michelle Bain
        Bank of America
        18167 U.S. Hwy. 19, N., Suite 600
        Clearwater, FL  33764
        PH:  (888) 852-5000 ext. 3700
        Fax:  (727) 507-3494

     Michelle requires one additional piece of information to release these funds, and
that is a swift message from your bank, so that she can release these funds to NBG,
LLC.

Sincerely,

NBG, LLC

Gregory D. Morris
Vice President

EXHIBIT
F

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0783
CONNECTION TEL              14154213257
SUBADDRESS
CONNECTION ID
ST. TIME             05/30 22:08
USAGE T              00'18
PGS. SENT                 1
RESULT               OK
```

∩Ͻⲥ

**2325 Ulmerton Rd., Suite 20**          **Phone:  727-576-6424**
**Clearwater, Florida 33762**            **Fax:    727-572-8342**

<u>Sent via Facsimile (415) 421-3257</u>

May 31, 2007

California Pacific Bank
250 Montgomery St., Suite 500
San Francisco, CA  94104

   Re:  <u>Letter of Credit #68017913</u>

To Whom It May Concern:

   Please contact Michelle Bain regarding cancellation of this Letter of Credit
Michelle's contact information is:

      Michelle Bain
      Bank of America
      18167 U.S. Hwy. 19, N., Suite 600
      Clearwater, FL  33764
      PH:  (888) 852-5000 ext. 3700
      Fax:  (727) 507-3494

05/30/07  22:29 FAX 727572834      BULLARD GROUP                              ☑001

```
************************
***   TX REPORT   ***
************************

TRANSMISSION OK

TX/RX NO            0784
CONNECTION TEL               5073494
SUBADDRESS
CONNECTION ID
ST. TIME            05/30 22:28
USAGE T             00'30
PGS. SENT           2
RESULT              OK
```



# THE BULLARD GROUP

2325 Ulmerton Rd., Ste. #20
Clearwater, FL 33762
Phone: (727) 576-6424
Fax: (727) 572-8342



| To: Michelle Bain<br>Bank of America | | From: Greg Morris | |
|---|---|---|---|
| Fax: 507-3494 | | Date: May 31, 2007 | |
| Phone: | | Pages: 2  - including cover | |
| Re: Additional letter to Cal Pacific | | CC: | |

ATLANTA
MIAMI
ORLANDO
ST. PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

# CARLTON FIELDS

ATTORNEYS AT LAW

One Progress Plaza
200 Central Avenue, Suite 2300
St. Petersburg, Florida 33701-4352

727.821.7000
727.822.3768 fax
www.carltonfields.com

Steven C. Dupré
sdupre@carltonfields.com
Admitted to Practice in Florida, Illinois

June 1, 2007

Bank of America

**VIA E-MAIL**
**MICHELLE.BAIN@BANKOFAMERICA.COM**

Attention: Michelle Bain, Jason Greene and
All Others Whom it May Concern

   Re:    March 30, 2007 LOC

Ladies and Gentlemen

   Re:    March 30, 2007 LOC

Ladies and Gentlemen:

        We represent NBG, LLC ("**NBG**").   We understand you have told NBG that California
Pacific Bank has made a written request to draw down the full amount of a March 30, 2007
Irrevocable Standby Letter of Credit Number 68017913 (the "Letter of Credit"), asserting that it
has the right to do so under a "*draft*" of an "Amendment to a Documentary Credit," dated April
9, 2007.  The purpose of this letter is to advise you that NBG never authorized the issuance of
the Amendment, and that in any event, honoring the draw on the Letter of Credit would facilitate
a material fraud by the ultimate beneficiary Quibee, Inc.

        Please immediately provide a copy of whatever requests you have received supporting the
attempt to draw down the Letter of Credit, and copies of whatever documents California Pacific
Bank has received from its beneficiary purporting to draw on the Letter of Credit issued by
California Pacific Bank.

        In addition, please take notice that if Bank of America issued the Amendment without
authorization it did so at its own peril.

        As you know, under *Fla. Stat.* § 675.108(2) (UCC § 5.108(2)), Bank of America has a
reasonable time after presentment not to exceed seven (7) days within which to honor a draw on
the Letter of Credit.  We strongly urge you to take all necessary steps to investigate the facts
before doing so, and to take full advantage of the time permitted under the statute.

STP#651975.1



EXHIBIT
G

Bank of America
Attention: Michelle Bain, Jason Greene and All Others Whom it May Concern
June 1, 2007
Page 2

We understand that you have advised NBG that you intend to honor the demand unless NBG obtains an injunction prohibiting the same. We do not believe you need an injunction to know that you issued an invalid amendment, and we understand that Bank of America has been advised of the facts which establish that honoring the draw on the Letter of Credit would facilitate a material fraud. Nonetheless, we intend to work the weekend to draw up the paperwork necessary to seek such an injunction (at the Bank's ultimate expense), and plan to file that paperwork and appear in front of the judge assigned to the case in the Circuit Court in and for Pinellas County, Florida, first thing Monday morning. We invite you to meet us at the St. Petersburg branch clerk's office at 8:00 a.m. so that you can take a position on this with the assigned judge just as soon as we can appear in front of him. Likewise, if you want us to notify someone other than you inside the bank before then via e-mail, we will be glad to do so if you will supply us with their email information.

Please immediately forward this letter to all persons in the bank who need to be consulted with regarding this matter.

You can contact me any time over the weekend via e-mail or cell phone at 727 420-6735.

Sincerely,

/s/   *Steven C. Dupré*

Steven C. Dupre

SCD/lr
Copies via e-mail to:
    Robert Quinn, Esq.
    Joel Giles, Esq.
    Greg Morris

STP#651975.1