Leo M. LaRocca, Esq. (SBN 115014)
**NIVEN & SMITH**
425 California Street, 15th Floor
San Francisco, CA 94104-2118
Telephone:   415.981.5451
Facsimile:    415.433.5439
Attorneys for Plaintiff CALIFORNIA PACIFIC BANK

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA PACIFIC BANK, a California banking corporation,<br><br>                    Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A., and DOES 1-20, inclusive.<br><br>                    Defendants. | Docket No. C07-03330 JCS<br><br>**CALIFORNIA PACIFIC BANK'S OPPOSITION TO BANK OF AMERICA'S MOTION TO DISMISS** |

### I. INTRODUCTION

Bank of America is attempting to have its cake and eat it too. In Florida, Bank of America has been accused by Bullard Electronics, LLC, its apparent customer, of issuing an unauthorized amendment to a Bank of America irrevocable Standby Letter of Credit issued in favor of California Pacific Bank as beneficiary. CALIFORNIA PACIFIC BANK has not been accused of any wrongful conduct in the Florida action, and in fact, has no connection to Florida or the dispute between Bank of America and Bullard Electronics.

California Pacific Bank merely seeks payment on the irrevocable Standby Letter of Credit. Bank of America is using the Florida injunction to forestall payment of the $412,080 it owes California Pacific Bank. By now requesting that this Court dismiss this action, Bank of America seeks to indefinitely postpone payment on its obligation to California Pacific Bank.

While Bank of America extensively argues the substantive merits of California Pacific Bank's breach of contract claim in its moving papers, its motion to dismiss is entirely based on "wise judicial administration" which does not consider the underlying merits of a claim among its factors.

When each factor in the "wise judicial administration" doctrine is considered, they strongly favor denying Bank of America's extraordinary request that this Court refuse to exercise jurisdiction over this matter or stay the matter.

## II. FACTS

**A. California Pacific Bank Made A Valid Claim For Payment On The Standby Letter Of Credit on May 29, 2007.**

The irrevocable standby letter of credit in the amount of $412,080.00 issued by Bank of America dated March 30, 2007 as amended on April 9, 2007 (the "Letter of Credit") stated that "reimbursement claims made by authenticated Swift are acceptable in which case draft and signed statements are not required." Letter of Credit, Exhibit A to Declaration of Alan Chi. On May 29, 2007, California Pacific Bank made a presentment on the said Letter of Credit by Swift transmission to Bank of America pursuant to the language in the Letter of Credit. According to the Verified Complaint Seeking Termporary (sic) And Permanent Injuctive (sic) Relief by Bullard Electronics (Exhibit D of Bank of America's Request for Judicial Notice), Bank of America advised its customer Bullard Electronics that California was attempting to draw on the Letter of Credit. On June 1, 2007, Bank of America improperly gave notice of discrepancies in the presentment (California Commercial Code §5108(b)(3)) stating a "[b]eneficiary's statement (was) not presented per letter of credit terms and conditions", which was expressly not a condition of a Swift presentment. Bank of America was certainly aware of the dispute with its customer Bullard Electronics, and California Pacific Bank believes that Bullard Electronics informed Bank of America on or before June 1, 2007, when Bank of America issued the improper discrepancies notice to California Pacific Bank, that Bullard Electronics would seek a injunction against Bank of America honoring the Letter of Credit. California Pacific Bank believes that when Bank of America issued the improper discrepancies notice it was attempting to avoid payment on the Letter of Credit until Bullard Electronics could obtain an injunction against Bank of America paying on the Letter of Credit.

///

///

///

**B. The Northern District of California Is The Most Convenient Forum For California Pacific Bank's Action.**

California Pacific Bank is a California banking corporation doing business only in the State of California. (Alan Chi Declaration ("Chi Decl."), ¶¶ 2 and 3). Its only offices are located in San Francisco, Fremont and Walnut Creek, and all of its employees are located in these offices. (*Id.* at ¶ 2). All of its accounts and records are located at these offices. (*Id.* at ¶3).

California Pacific Bank does not conduct business in Florida. (Chi Decl., ¶¶ 2 and 3). It owns no real or personal property in Florida, pays no Florida taxes, maintains no bank accounts, brokerage accounts, escrowed funds, or other financial assets in Florida, holds no Florida licenses, and has no registered agent for the service of process in Florida. (*Id.* at ¶ 3). Furthermore, California Pacific Bank has no offices in Florida and has no telephone listing, post office box, or mailing address in Florida. (*Id.* at ¶¶ 2 and 3). California Pacific Bank has never even advertised in Florida. (*Id.* at ¶ 3).

**C. The Florida Action and California Pacific Bank's Instant Action Are Dissimilar.**

The Florida action concerns alleged improper conduct committed by Bank of America against Bullard. (See Bank of America's Request for Judicial Notice ("RJN"), Ex. D, ¶ 9, 10); see also RJN, Ex. A, "The purported April 9, 2007 amendment was **procured by material fraud**.") (emphasis supplied). California Pacific Bank is not alleged to have committed any fraud (RJN, Ex. D). California Pacific Bank's conduct is **not** even at issue in the Florida action. *Id.*

Conversely, the instant action is a simple breach of contract claim for payment on a Standby Letter of Credit between Bank of America and California Pacific Bank. (See Plaintiff's Complaint).

### III. ARGUMENT

**A. Dismissal Of This Action Is Not Warranted Under The Doctrine Of Wise Judicial Administration.**

Federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The pendency of a state court action is rarely a bar to Federal court proceedings concerning the same matter. *Id.*

The Supreme Court described as "exceptional," the circumstances under which a Federal court would dismiss a federal suit because of pending state court litigation under the "wise judicial

administration" doctrine. *Colorado River Water Conservation Dist*, *supra*, 424 U.S. at 818. The circumstances which would justify dismissal under the wise administration doctrine are "considerably more limited than the circumstances appropriate for abstention."[1] *Id*. Only the "**clearest of justifications**" will warrant dismissal after a "carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *Id*. at 818-819.

The exceptional factual circumstances in *Colorado Water* compelling the Court to utilize the "wise judicial administration" doctrine simply do not exist in the present action. The Court in *Colorado Water* sought to promote the McCarran Amendment's recognition that water rights are best determined in state forums which have the closest geographical ties, commensurate with their experience and expertise, assisted by state administrative officers and state courts. *Colorado River Water Conservation Dist*, *supra*, 424 U.S. at 819-820. Moreover, the Court also recognized the "clear federal policy…(of) avoidance of piecemeal adjudication of water rights in a river system." *Id* at. 819. Here, in contrast, the court is faced with a simple breach of contract action. No imperative federal or state policies are at issue.

Specifically, the factors the Supreme Court identified in *Colorado Water* were 1) the convenience of the federal forum, 2) the desirability of avoiding piecemeal litigation, and 3) the order in which the jurisdiction was obtained in the concurrent forums.[2] *Colorado River Water Conservation Dist*, *supra*, 424 U.S. at 818.

///

///

---

[1] Abstention is appropriate in cases where 1) a federal constitutional issue might be mooted by state law, 2) where the case presents difficult questions of state law bearing on substantial public policy issues, or 3) where absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *Colorado River Water Conservation Dist*, *supra*, 424 U.S. at 814-816. None of the aforementioned bases for abstention exist in this case.

[2] Despite Bank of America's extensive discussion of the substantive merits of California Pacific Bank Bank's breach of contract claim in its moving papers (Sections II(A)&(B), California Pacific Bank is unaware of any factor under the "wise judicial administration" doctrine which directs a court to consider the substantive merits of the underlying action.

### 1. The Northern District of California Is The Most Convenient Forum.

California Pacific Bank is a California banking corporation doing business only in the State of California. Its only offices are located in San Francisco, Fremont and Walnut Creek, and all of its employees are located in these offices. All of its accounts and records are located at these offices.

California Pacific Bank does not conduct business in Florida. It owns no real or personal property in Florida, pays no Florida taxes, maintains no bank accounts, brokerage accounts, escrowed funds, or other financial assets in Florida, holds no Florida licenses, and has no registered agent for the service of process in Florida. Furthermore, California Pacific Bank has no offices in Florida and has no telephone listing, post office box, or mailing address in Florida. California Pacific Bank does not even advertise in Florida.

Beyond the fact that the Northern District of California is the most convenient forum, it should be noted that California Pacific Bank is not even properly a party to the Florida action because the Florida lacks personal jurisdiction over California Pacific Bank. Personal jurisdiction over a defendant depends on whether the plaintiff can prove "minimum contacts" between the defendant and forum state. *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316. The California Supreme Court has observed that there are two sub-categories of minimum contacts: (1) "general jurisdiction", where the non-resident defendant has continuous, substantial and systematic contacts; and (2) "specific jurisdiction", where the non-resident defendant has purposefully availed itself of a foreign state's benefits and the controversy is connected with the defendant's foreign state contacts. *Vons Companies, Inc. v. Seabest Foods, Inc.*, 15 Cal.4th 434, 445 (1996); *Pavlovich v. Superior Court*, 29 Cal.4th 262, 269 (2002). Neither is present in the Florida action.

### 2. Piecemeal Litigation Will Not Result.

The issues in the Florida action and the present action are not similar. The two actions involve separate transactions. The Florida action concerns alleged fraud committed by Bank of America against Bullard. (RJN, Ex. D, ¶ 9, 1019). California Pacific Bank is not alleged to have committed any fraud (RJN, Ex. D). California Pacific Bank's conduct is not even at issue in the Florida action. *Id.* The focus of the Florida action is on the conduct by Bank of America vis-à-vis Bullard.

Conversely, the instant action is a simple breach of contract claim for payment on a Standby Letter of Credit between Bank of America and California Pacific Bank. California Pacific Bank's right to payment depends entirely on the enforceability of the Standby Letter of Credit upon which payment can be enjoined only. Bank of America's conduct towards Bullard, or any other third-party, has no bearing on the merits of California Pacific Bank's claim.

The only connection between the Florida action and the instant litigation, is the temporary injunction, which appears to have allowed Bank of America to avoid payment to California Pacific Bank. However, in the end, either Bank of America did not defraud Bullard and must pay on the Letter of Credit or Bank of America defrauded Bullard in which it will be prohibited from reaching whatever collateral Bullard posted for the Letter of Credit. Under either scenario, it cannot avoid paying California Pacific Bank.

### 3. Both the Florida Action And The Instant Action Are At Their Initial Stages.

As Bank of America correctly points out, there is only 19-day difference between the start of the Florida action and the commencement of the instant action. Bank of America has submitted to the Court a filed complaint and an *ex parte* injunction, as its only evidence of the Florida action's progress. Nothing more has been presented by Bank of America. No evidence of extensive discovery, dispositive motions, attempts at mediation, trial setting, etc., to indicate that the Florida case has progressed so substantially that this case warrants the "exceptional" application of wise judicial administration in favor of dismissal. See *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983) (explaining that under the *Colorado River* factors, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.") While there may be slightly more progress in the Florida action (especially in light of the grant of additional time for Bank of America to respond to California Pacific Bank's complaint and Bank of America's decision to file the instant motion instead of answering the complaint) the two are at their initial stages. Certainly, a mere 19-day difference does not meet the standard of *Colorado River* requiring the "clearest of justifications" to refuse its "virtually unflagging" exercise of jurisdiction. *Colorado River Water Conservation Dist*, supra, 424 U.S. at 817-818.

**B.     Honor Of The Letter Of Credit Can Only Be Enjoined
By A Court For Fraud Committed By The Beneficiary.**

Section 5109 of the Uniform Commercial Code (California Commercial Code §5109 and Florida Statutes §675.109) provides that:

(b) If an applicant (Bullard Electronics, LLC) claims that a required document is forged or materially fraudulent or that honor of the presentment would facilitate <u>a material fraud by the beneficiary</u> (California Pacific Bank) on the issuer (Bank of America) or applicant, a court of competent jurisdiction <u>may temporarily or permanently enjoin the issuer</u> from honoring a presentment or grant similar relief against the issuer or other persons only if the court finds that:

    1.    The relief is not prohibited under the law applicable to an accepted draft or deferred obligation incurred by the issuer;

    2.    A beneficiary, issuer, or nominated person who may be adversely affected is adequately protected against loss that it may suffer because the relief is granted;

    3.    All of the conditions to entitle a person to relief under the law of this state have been met; and

    4.    On the basis of information submitted to the court, the applicant is more likely than not to succeed under its claim of forgery or material fraud and the person demanding honor does not qualify for protection under paragraph (1) of subdivision (a). (Emphasis added).

The only allegations of fraud in the Verified Complaint Seeking Termpoary (sic) And Permanent Injuctive (sic) Relief by Bullard Electronics (Exhibit D of Bank of America's Request for Judicial Notice) is that its "entire transaction with Jack Wei is completely fraudulent". Jack Wei is alleged to be an agent of Qibee, Inc. with whom a company called NBG LLC, a Florida limited liability company had a contract to buy some product. There is no allegation of material fraud or forgery against California Pacific Bank. There is no allegation that Jack Wei was an officer or agent of California Pacific Bank. Bullard Electronics did state in its Ex Parte Temporary Injunction Order that the April 9, 2007 amendment was procured by material fraud but since Bank of America issued the amendment, this reference to material fraud can only relate to Bank of America assuming it was not intended to refer to the alleged fraud of Jack Wei. As there is no allegation, let alone any evidence

presented, that California Pacific Bank, the beneficiary of the Letter of Credit, committed any material fraud or forgery, no injunction against Bank of America honoring the presentment of California Pacific Bank is authorized under either California or Florida law.

### IV. CONCLUSION

The Northern District of California is the appropriate forum for California Pacific Bank's claim, as California Pacific Bank has no connection to Florida. Bank of America's possible defrauding of its customer involves wholly separate factual and legal issues from California Pacific Bank's right to payment on the Letter of Credit. Finally, both this action and the Florida action are their initial stages. These circumstances do not warrant dismissal of the action under the "wise judicial administration" doctrine. Therefore, California Pacific Bank respectfully request that the Court deny Bank of America's motion to dismiss or stay this action

Dated: August 31, 2007                    NIVEN & SMITH

By: _____Leo M. LaRocca /s/_____
**LEO M. LaROCCA**
Attorneys for Plaintiff CALIFORNIA PACIFIC BANK,
a California banking corporation