UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PACIFIC BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA,<br><br>    Defendant.<br>_____/ | Case No. 07-03330 JCS<br><br>**ORDER DENYING CALIFORNIA PACIFIC BANK'S MOTION TO LIFT STAY AND DENYING BANK OF AMERICA'S MOTION TO DISMISS [Docket Nos. 57, 60]** |

## I. INTRODUCTION

On December 19, 2008, the Court entered a stay in this action under the *Colorado River* abstention doctrine based on an earlier-filed proceeding pending in Florida state court ("the Florida Action"). In the Florida Action, the court issued a temporary injunction enjoining Bank of America from honoring the standby letter or credit that is the subject of California Pacific Bank's claims in this action. The temporary injunction has now been dissolved and Plaintiff California Pacific Bank ("California Pacific") brings a Motion to Lift Stay ("the Stay Motion"). Bank of America ("BofA") opposes the motion, arguing that the stay should be continued because the Florida litigation is still underway. In the alternative, BofA asserts that the Court should dismiss this action with prejudice ("the Motion to Dismiss"). The Court finds that the motions are suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, both motions are DENIED.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Facts

This action arises out of a standby letter of credit issued by BofA for the benefit of California Pacific in connection with an agreement between Quibee, Inc. ("Quibee") and NBG LLC ("NBG"), an affiliate of Bullard Electronics LLC ("Bullard"). In particular, it is alleged that Quibee agreed to purchase from NBG 8,160 high definition LCD televisions for a total price of $370,800.00. Complaint ("California Complaint"), ¶ 3. To finance the purchase, Quibee borrowed the principal amount from California Pacific; to secure the loan, NBG was to obtain an irrevocable letter of standby credit in favor of California Pacific in the amount of $412,080.00. *Id*., ¶ 4.

On March 30, 2007, BofA issued the standby letter of credit ("the Letter of Credit"). According to the California Complaint, as issued, the Letter of Credit required that NBG obtain its own letter of credit, but on April 9, 2007, the Letter of Credit was amended to delete all reference to the letter of credit in favor of NBG. *Id*. The Letter of Credit provides that California Pacific can make a demand for reimbursement by submitting a claim on the SWIFT electronic banking system. *Id*., ¶ 8.

On May 29, 2007, Quibee informed California Pacific it would not be repaying the California Pacific loan. *Id*., ¶ 9. On the same day, California Pacific made a demand for payment of the total amount under the Letter of Credit. *Id*., ¶ 10. According to BofA, on May 31, 2007, a BofA employee informed California Pacific that the Letter of Credit should be canceled due to Quibee's fraud on NBG and Bullard. Answer and Counter Claim ("California Counterclaim"), ¶ 13. In particular, BofA alleges that under the terms of the purchase order and contract between Quibee and NBG, Quibee was required to provide NBG with a letter of credit in the amount of $8,225,280.00 to pay for the televisions it had ordered. *Id*., ¶ 10. Instead, BofA alleges, Quibee gave NBG a forged document that purported to be a letter of credit but in fact, was not issued by a legitimate bank. *Id*., ¶ 11. BofA refused to honor the Letter of Credit in response to California Pacific's May 29, 2007 request. California Complaint, ¶ 11. California Pacific resubmitted the request on June 1, 2007, which BofA also rejected. *Id*., ¶ 14.

## B. Procedural Background

On June 4, 2007, Bullard Electronics filed a Verified Complaint Seeking Temporary and Permanent Injunctive Relief in Florida state court ("the Florida Complaint"). *See* Declaration of Leo M. LaRocca in Support of Motion to Lift Stay ("LaRocca Stay Motion Decl."), Ex. J. In the Florida Complaint, Bullard named BofA and California Pacific as defendants. *Id*. Bullard alleged that the amendment to the Letter of Credit had been procured by fraud and that, as a result, BofA would be advancing a material fraud were it to honor the Letter of Credit in response to California Pacific's attempt to draw on it. *Id.* On the same day, the Florida court entered a temporary injunction, on an *ex parte* basis, enjoining BofA from honoring any demand for payment on the Letter of Credit. *See* Request For Judicial Notice [Docket No. 32], Ex. A.

California Pacific did not answer the claims asserted in the Florida action, contending that service was improper and that the Florida Court lacked personal jurisdiction over California Pacific. *See* Joint Status Report Filed 5/30/08 [Docket No. 35] at 2. Instead, on June 25, 2007, California Pacific filed the instant action against BofA, asserting claims for: 1) breach of contract based on BofA's failure to honor the Letter of Credit; and 2) breach of the covenant of good faith and fair dealing implied in the Letter of Credit. BofA responded by bringing a motion to dismiss, asking the Court to dismiss the action on the basis of the Florida Action or, in the alternative, to stay the action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"). On October 1, 2007, the Court entered an order staying the action for 6 months under *Colorado River*.

In February 2008, Bullard, NBG and BofA entered into a settlement agreement ("Settlement Agreement"). *See* LaRocca Decl., Ex. B. Under the Settlement Agreement, the parties agreed that California Pacific would be dismissed from the Florida Action[2] and that Bullard would file an unopposed motion for a permanent injunction enjoining BofA from honoring the Letter of Credit.

---

[2] Although default was entered against California Pacific in the Florida Action on July 9, 2007, *see* Florida Docket Sheet, Bullard did not obtain a default judgment against California Pacific in that action. Rather, after filing a motion for default judgment against California Pacific in July 2007, Bullard withdrew the motion in September 2007, informing the Florida Court that it intended to file an amended complaint instead. *See* Docket No. 23 at 2.

3

*Id*. Bullard and BofA further agreed that if BofA was found liable to California Pacific under the Letter of Credit, Bullard's liability to BofA would not exceed 10% of the amount of the Letter of Credit, that is, $41,208.00. *Id*. According to California Pacific, it did not learn of the Settlement Agreement until February 2009, when the Settlement Agreement was produced by BofA in discovery in the Florida Action.

In August 2008, California Pacific was dismissed from the Florida Action and Bullard filed the permanent injunction motion, as provided in the Settlement Agreement. LaRocca Decl., Ex. C. On October 2, 2008, California Pacific intervened in the Florida Action, even though it maintained that the Florida court lacked personal jurisdiction over it, to oppose the permanent injunction motion.

In the meantime, on June 6, 2008, the Court lifted the stay in the instant action. On October 3, 2008, BofA filed an answer and counterclaim ("the Counterclaim"). LaRocca Decl., Ex. D. In the Counterclaim, BofA seeks a declaration that: 1) any duty BofA had to honor the Letter of Credit was suspended due to the temporary injunction in the Florida Action; and 2) California Pacific's presentations under and attempts to draw on the Letter of Credit violate agreements that California Pacific and Bullard intended the Letter of Credit to augment and if BofA honored California Pacific's presentations, BofA would breach its statutory presentation warranty. *Id*.

On November 14, 2008, BofA filed a Renewed Motion to Dismiss or Alternatively for Stay in this action. BofA argued that because the Florida court now had all of the parties before it and no significant discovery had occurred in this action, the instant action should be dismissed, or at least, stayed, in the interest of wise judicial administration. On December 19, 2008, the Court stayed the instant action pending the outcome of the Florida litigation.

On April 2, 2009, the Florida Court dissolved the temporary injunction. According to the parties, the Florida Court found that there was not a proper evidentiary basis for entering or continuing the temporary injunction. On April 6, 2009, BofA made payment to California Pacific in the amount of $412,080.00 under the Letter of Credit. LaRocca Decl., ¶ 15.

On April 24, 2009, BofA sought leave to file a counterclaim in the Florida Action ("the Florida Counterclaim") in response to California Pacific's complaint in intervention in that action.

4

*Id*., Ex. H. The Florida Counterclaim mirrored the counterclaim filed by BofA in the instant action on October 3, 2008 ("the California Counterclaim"). *Id*. In particular, in the Florida Counterclaim, BofA asserted that California Pacific had breached the special warranty against violation of the underlying documents. *Id*. BofA also sought to add an affirmative defense based on its recent payment of the amount due under the Letter of Credit. *Id*.

On May 8, 2009, California Pacific filed a Motion for Imposition of Damages for Wrongful Issuance of Temporary Injunction. *See* BofA Opposition, Ex. A; Florida Docket Sheet. In the motion, California Pacific asserts that even though BofA has now honored the letter of credit, it is entitled to prejudgment interest on the amount it would have been paid under the Letter of Credit, as well as attorneys' fees incurred to dissolve the preliminary injunction. Also on May 8, 2009, California Pacific filed a motion to stay the Florida Action. *See* LaRocca Decl., ¶ 19; Florida Docket Sheet.

### C. The Motions

California Pacific asks the Court to lift the stay in the instant action, asserting that now that the temporary injunction in the Florida Action has been lifted, there is no procedural impediment to proceeding on its claims against BofA. California Pacific argues that the stay should be lifted because the counterclaim that BofA recently sought to assert in the Florida Action is essentially the same as the California Counterclaim, which was asserted in this Court almost a year ago. It also argues that the stay should be lifted because Bullard, NBG and BofA agreed in the Settlement Agreement to dismiss California Pacific and then seek an unopposed permanent injunction that would prohibit BofA from honoring the Letter of Credit. According to California Pacific, these actions forced California Pacific to intervene in that action despite the lack of personal jurisdiction over it by the Florida Court.

BofA counters that because it has already paid on the Letter of Credit – and because it was forbidden to honor the Letter of Credit under the temporary injunction – California Pacific's claims in this action are now moot and this case should be dismissed. In the alternative, BofA asserts that the stay in this case should remain in place pending resolution of the Florida Action.

In its Reply, California Pacific asserts that the Motion to Dismiss should be denied because it

5

was not filed in compliance withe the Local Rules. It also asserts that the case on which BofA relies for the proposition that BofA was not required to honor the Letter of Credit while the temporary injunction was in place, *Kelley v. First Westroads Bank*, 840 F.2d 554 (8th Cir. 1988), is distinguishable because that case did not involve alleged wrongful conduct on the part of the bank that issued the letter of credit. Finally, California Pacific argues that the case is not moot because although it has recovered the principal amount under the Letter of Credit, it is also seeking an award of attorneys' fees and interest under the California Commercial Code.

## III.  ANALYSIS

### A.  The Motion to Dismiss

BofA asserts in its Opposition to the Stay Motion that California Pacific's claims in this action are moot and therefore, its complaint should be dismissed. The Court disagrees.

As a preliminary matter, BofA's motion to dismiss does not comply with the requirements in the Local Rules with respect to motion practice because it was raised in an opposition brief filed less than 35 days before the scheduled hearing, on June 19, 2009. *See* Civil Local Rule 7-2(a). Apart from this procedural deficiency, the Court finds that BofA's substantive argument has no merit. Even assuming that BofA is correct that it was not required to honor the Letter of Credit when the temporary injunction was in place – a question the Court does not reach – it is undisputed that BofA paid only the principal amount under the Letter of Credit. Because California Pacific seeks attorneys' fees and prejudgment interest as well, its claims are not moot. The Motion to Dismiss is therefore DENIED.

### B.  The Stay Motion

California Pacific asserts that the stay in this action should be lifted because the temporary injunction has now been lifted by the Florida Court and therefore, this Court can proceed on its claims. California Pacific argues that little has been done in the Florida Action and that even though all of the parties have now appeared in Florida, the actions on the part of Bullard and BofA that forced California Pacific to appear in the Florida Action were an attempt to manipulate jurisdiction. Having carefully reviewed the record available to it in the Florida Action, as well as the history of

the instant action, the Court concludes that the stay previously entered under the *Colorado River* abstention doctrine should remain in place.

The Court stayed this action under the *Colorado River* abstention doctrine based on the pendency of the Florida Action, which involved the same core issue as this case, namely, whether BofA was required to honor the Letter of Credit. *See Colorado River Water Conservationist Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (holding that "in situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts," a federal court may, under "exceptional" circumstances, dismiss or stay an action based on the principles of "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation). Although the temporary injunction has been lifted, that question remains at the heart of both cases. Further, some discovery has occurred in the Florida Action, which was also the first to be filed. The Court concludes that it is in the interest of judicial economy to continue the stay in this action pending the outcome of the Florida Action.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss and the Stay Motion are DENIED. The stay in this action shall remain in place pending the outcome of the Florida Action.

IT IS SO ORDERED.

Dated: June 8, 2009

JOSEPH C. SPERO
United States Magistrate Judge

7